

# Baruch S. Gottesman
Attorney and Counselor at Law

---

January 9, 2017

**ViA ECF**
The Honorable Judge Alison J. Nathan
United States District Court for the Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re:    Letter-Motion for Extension of Time to Serve Overseas Defendant

      Re:    Wiseman v. ING Groep, N.V., et al.
             Docket No. 1:16-cv-07587 (AJN)

Your Honor:

      I represent the Plaintiff in this action and write to seek a 90-day extension (until April 27, 2017) to serve the overseas Defendant ING Groep N.V.

      **A.    Procedural Background**
      Defendant ING Groep N.V. is a Dutch public company. Immediately upon the filing of the Complaint in this action, the Plaintiff sought a translation[1] of the Complaint and the accompanying documentation required to serve a party under the Hague Convention of 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (hereinafter the "Convention").

---

[1]    Regulation (EC) No. 1383/2007 (November 13, 2007), Article 8 provides that a European addressee under the Convention may refuse to accept a document if, among other things, it is not accompanied by a translation into either the language which the addressee understands or an official language of the State, which for ING Groep, N.V., is Dutch. European cases have interpreted the Convention and Regulation as providing a "protection for the [Defendant] by the option which he has of refusing to accept the document [served under the Convention] if it is not translated into a language which he understands or into the official language of the Member State addressed." Alder, et ano. v. Orlowska, et ano., Case C-325/11 [2012] EUECJ (20 September 2012) at ¶ 46.

      While nothing in this letter is intended to or should be understood as an admission by the Plaintiff as to the requirement to have the Complaint and other Hague Convention paperwork translated, Plaintiff did have the Complaint translated out of an abundance of caution and so as to ensure the enforceability of any Judgment in European courts.

Letter to Hon. Alison J. Nathan
Re: Request for Extension of Time to Serve Overseas Defendant
Wiseman v. ING Groep, N.V., et al., 1:16-cv-07587
January 9, 2017
Page 2 of 3

The translation was ordered on an expedited basis and was available to Plaintiff in mid-November 2016. Plaintiff then sent the Defendant ING Groep, N.V. a courtesy copy by courier and separately the Plaintiff initiated the ponderous service requirements under the Convention by Registered Mail.

Ms. Margot van Leeuwen, the assistant at the *De Officier van Justitie* (Public Prosecutor at the District Court of The Hague) who is named as the contact person under the Hague Convention, informed me by e-mail on December 21, 2016 that *De Officier van Justitie* had received the paperwork and that "[t]he documents will be served by a bailiff as soon as possible."

### B.     Good Cause for Extension of Time Under Rule 4(m)

Rule 4(m) provides that:

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to that defendant . . . ; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

"Good cause is measured against the plaintiff's recognizable efforts to effect service and the prejudice to the defendants from the delay" Moultry v. City of Poughkeepsie, 154 F.Supp.2d 809, 812 (S.D.N.Y. 2001)(*Citing* AIG Managed Mkt Neutral Fund v. Askin Capital Mngmt., 197 FRD 104 (S.D.N.Y. 2000)(measuring good cause against the plaintiff's "reasonable efforts").

Plaintiff has made reasonable and recognizable efforts to effect service within the 120 day time limit. Immediately upon filing of the Complaint the Plaintiff ordered a translation of the Complaint and other Convention documentation into Dutch and the Plaintiff initiated service under the Convention as soon as the translation was available.

The Defendant ING Groep, N.V. will suffer no prejudice from an extension because, among other things, the Defendant was sent a courtesy copy of the Complaint in November 2016 and therefore have actual notice that this lawsuit was filed against them.

Letter to Hon. Alison J. Nathan
Re: Request for Extension of Time to Serve Overseas Defendant
Wiseman v. ING Groep, N.V., et al., 1:16-cv-07587
January 9, 2017
Page 3 of 3

(i.) Pursuant to the Federal Rule 6(b)(1)(A) and Your Honor's Standing Order dated November 29, 2016 (Docket #22), the **original date** for service on the Defendant would be on or before **January 27, 2017** and Plaintiff requests an extension for 90 days until **April 27, 2017**.;

(ii.) **No previous requests** for adjournment or extension have been made;

(iii.) I spoke with counsel for all Defendants who have appeared and they **neither objected nor agreed** to this request for an extension on the time to serve the overseas Defendant; and

(iv.) Pursuant to Rule (1.)(D) of your Honor's Individual Practices, this request for an extension is made at least **48 hours before the scheduled deadline or appearance**.

We thank Your Honor for her consideration of this request to extend the time to serve the Defendant ING Groep N.V. for 90 days until April 27, 2017.

RESPECTFULLY SUBMITTED,

Baruch S. Gottesman, Esq.

Courtesy Copied Via ECF

STITES & HARBISON PLLC
Michael T. Leigh
400 West Market Street, Suite #1800
Louisville, KY 40202
mleigh@stites.com
*Counsel for Voya Financial, Inc. and
ReliaStar Life Insurance Company of New York*