2013 NY Slip Op 32961(U)

**LAIMA TETELBAUM, Plaintiff,**

v.

**THE TRAVELER'S COMPANIES, INC., FARMINGTON CASUALTY COMPANY, HOMETOWN INSURANCE AGENCY OF LONG ISLAND, INC.,**

No. 12-21101, Mot. Seq. #001-MotD, #002-MotD.

**Supreme Court, Suffolk County**

MOTION DATE October 4, 2012.
MOTION DATE October 11, 2012.
ADJ. DATE January 15, 2013.
August 22, 2013

GEORGE COCHRAN STANKEVICH & ASSOC., Attorney for Plaintiff, East Hampton, New York 11937.

LAZARE POTTER & GIACOVAS LLP, Attorney for Defendants The Traveler's Cos., & Farmington Cas. Co., New York, New York 10022.

KEIDEL, WELDON & CUNNINGHAM, LLP, Attorney for Defendant Hometown Ins. Agency of, Long Is, White Plains, New York 10604.

PETER H. MAYER, Judge

UPON DUE DELIBERATION AND CONSIDERATION BY THE COURT of the foregoing papers, the motions are decided as follows: it is

*ORDERED* that these motions are hereby consolidated for purposes of this determination; and it is further

*ORDERED* that the motion by defendant Hometown Insurance Agency of Long Island, Inc. for an order dismissing the complaint against it pursuant to CPLR 3211 (a) (1) and (7), or, in the alternative if dismissal is not granted, directing the plaintiff to serve an amended complaint with specificity as to her claims and without scandalous and prejudicial allegations pursuant to CPLR 3024 (a) and (b), is granted to the extent of dismissing the complaint against it, and is otherwise denied as academic; and it is further

*ORDERED* that the motion by defendants The Traveler's Companies, Inc. and Farmington Casualty Company, Inc. for an order dismissing the complaint against The Traveler's Companies, Inc. and further dismissing all claims alleging breach of the covenant of good faith and fair dealing, negligence, breach of fiduciary duty, and bad faith or seeking recovery of punitive damages, all pursuant to CPLR 3211 (a) (1) and (7), is granted to the extent of dismissing all claims against them alleging breach of the covenant of good faith and fair dealing, negligence, breach of fiduciary duty, and bad faith or seeking recovery of punitive damages, and is otherwise denied.

This is an action to recover damages, *inter alia,* for breach of contract based upon the defendants' refusal to pay two property damage claims submitted by the plaintiff under a homeowners' insurance policy issued with respect to the residential property located at 80 Overlook Drive, Mastic Beach, New York. The plaintiff is the named

insured under the policy and the owner of the property. As it appears on the policy's declarations pages, the insurer is identified as follows:

Farmington Casualty Company One of The Travelers Property Casualty Companies One Tower Square, Hartford, CT 06183

The policy also identities Hometown Insurance Agency of Long Island as the plaintiff's "agency."

According to the complaint, after the plaintiff timely notified the defendants of a July 23, 2011 vandalism claim and a subsequent August 23, 2011 casualty claim, the defendants breached their contractual duty by denying the claims on the ground that the plaintiff did not reside at the property. The plaintiff contends that her absences from the property were due to the nature of her employment as a professional nurse's aide, which entails "shift work" during which she was obligated to spend "continuous days at a patient's residence, intermittently broken by days off" on which she would return to the property.

The plaintiff alleges eleven causes of action in her complaint. The first through fourth causes of action relate specifically to the July 23, 2011 claim, while the fifth through eighth relate specifically to the August 23, 2011 claim. Each of the first eight causes of action is premised on a theory of breach of contract, breach of the duty of good faith and fair dealing, or both, although each seeks a different measure of damages: the first and fifth seek contractual damages, the second and sixth, extra-contractual damages, the third and seventh, consequential damages, and the fourth and eighth, punitive damages. The ninth is for judgment declaring the defendants' March 9, 2012 cancellation of the policy void and illegal. The tenth is to recover damages for negligent procurement of the policy, on the theory that if the defendants were correct in concluding that the plaintiffs absence from the property vitiated coverage under the policy, and having known the nature of the plaintiff's employment, they should have informed and advised the plaintiff accordingly. The eleventh is to recover damages for breach of fiduciary duty.

The defendants now move, pre-answer, to dismiss based on documentary evidence and for failure to state a cause of action. Hometown Insurance Agency of Long Island, Inc. ("Hometown") seeks, *inter cilia.* to dismiss the complaint in its entirety, while The Traveler's Companies, Inc. ("Traveler's") and Farmington Casualty Company, Inc. ("Farmington") jointly seek to dismiss certain claims against them.

The court finds that Hometown is entitled to dismissal of the complaint against it for failure to state a cause of action. Notwithstanding the wording of the complaint, which refers repeatedly to the liability of the "defendants" as a whole, the first through ninth causes of action plainly do not pertain to Hometown, which was not a party to the contract of insurance (*see Pevensey Press v Prentice-Hall, Inc.,* 161 AD2d 500, 555 NYS2d 769 [1990]). As to the tenth and eleventh causes of action, the plaintiff failed to plead that she made a specific request for the coverage she required or that she had a special relationship with Hometown (*see Hoffend & Sons, Inc. v Rose & Kiernan, Inc.,* 7 NY3d 152, 818 NYS2d 798 [2006]; *Murphy v Kuhn,* 90 NY2d 266, 660 NYS2d 371 [1997]; *Core-Mark Intl. v Swett & Crawford Inc.,* 71 AD3d 1072, 898 NYS2d 206 [2010]; *Verbert v Garcia,* 63 AD3d 1149, 882 NYS2d 259 [2009]).

> It is reasonably well settled that the purchase of insurance through an agent does not establish a professional relationship, which in turn creates a fiduciary obligation, between the agent and the customer. And precisely because there is no professional relationship, absent a "specific request" for coverage, or the existence of a "special relationship," an insurance agent is not liable to an insured for failing to procure coverage not already in the policy or for failing to procure a particular type or amount of coverage. Nor is there any continuing duty to advise, guide or direct the insured to obtain additional coverage absent a "specific request" or "special relationship." As for "special

relationships," they only exists [sic] where there has been a course of dealing over an extended period of time which would have put an objectively reasonable insurance agent on notice that their [sic] advice was being sought and relied upon.

(*AGCS Mar. Ins. Co. v Bayview Real Estate Consultants,* 38 Misc 3d 1213[A], *3, 2013 NY Slip Op 50088[U] [2013] [citations omitted]).

As to the relief requested by Traveler's and Farmington, the court finds that the complaint, as pleaded, does not support a separate claim for breach of the duty of good faith and fair dealing, because the conduct underlying that claim is the same as the conduct underlying the causes of action for breach of contract, i.e., the defendants' refusal to pay the subject property damage claims (*see Deer Park Enters. v Ail Sys.,* 57 AD3d 711, 870 NYS2d 89 [2008]); that to the extent the plaintiff alleges bad faith on the part of the defendants and seeks punitive damages, her claims are legally insufficient, as the complaint fails to set forth conduct which is not only actionable as an independent tort but which is also part of a pattern directed at the public generally (*see New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 639 NYS2d 283 [1995]; *Alexander v GEICO Ins. Co.,* 35 AD3d 989, 826 NYS2d 777 [2006]; *Johnson v Allstate Ins. Co.,* 33 AD3d 665, 823 NYS2d 415 [2006]); that having failed to plead a specific request for coverage, the plaintiff failed to state a cause of action for negligent procurement (*see Empire Indus. Corp. v Insurance Cos. of N. Am.,* 226 AD2d 580, 641 NYS2d 345 [1996]); and that no cause of action lies for breach of fiduciary duty on the facts pleaded, as an insurer does not owe such a duty to its insured except in providing a defense (*Fiala v Metropolitan Life Ins. Co.,* 6 AD3d 320, 776 NYS2d 29 [2004]; *cf. Hartford Acc. & Indem. Co. v Michigan Mut. Ins. Co.,* 93 AD2d 337, 462 NYS2d 175 [1983], *affd* 61 NY2d 569, 475 NYS2d 267 [1984]). However, upon review of the policy—which contains numerous references to "Travelers" companies apart from the reference appearing on the declarations pages—it cannot be said to state clearly and unambiguously that Farmington is the only party which provided the insurance (*cf. SUS, Inc. v St. Paul Travelers Group,* 75 AD3d 740, 905 NYS2d 321 [2010]; *see generally Fontanetta v John Doe 1,* 73 AD3d 78, 898 NYS2d 569 [2010]).

The remaining defendants shall serve their answer to the complaint within 10 days after service of a copy of this order with notice of its entry (*see* CPLR 3211 [f]).

Save trees - read court opinions online on Google Scholar.