UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLORIA D. WISEMAN,<br><br>       PLAINTIFF,<br>v.<br><br>ING GROEP, N.V., VOYA FINANCIAL, INC., AND RELIASTAR LIFE INSURANCE COMPANY OF NEW YORK,<br><br>       DEFENDANTS. | NO. 1:16-CV-07587 (AJN) |

**REPLY IN FURTHER SUPPORT OF VOYA FINANCIAL, INC. AND RELIASTAR LIFE INSURANCE COMPANY OF NEW YORK'S MOTION TO DISMISS**

STITES & HARBISON PLLC
Clark C. Johnson (*pro hac vice*)
Michael T. Leigh
Jeffrey S. Moad (*pro hac vice*)
400 West Market St., Ste. 1800
Louisville, Kentucky  40202

O'TOOLE + O'TOOLE PLLC
Andrew D. O'Toole
22 Valley Road
Katonah, NY  10536

*Counsel for Voya Financial, Inc. and
ReliaStar Life Insurance Company of New York*

TABLE OF CONTENTS

Introduction ........................................................................................................................... 1

Argument ............................................................................................................................... 1

I.   The Court Should Dismiss Wiseman's Seven Claims. ................................................ 1

   A.   Wiseman Identifies No Breach of a Policy Term or Her Performance. ............. 1

   B.   The Implied Covenant Claim Duplicates the Failed Contract Claim. ............... 3

   C.   The Negligence Claim Fails as Wiseman Still Fails to Identify a Unique Injury or Duty, and RLNY Did Not "Lose" Her Policy. ................................... 4

   D.   The GBL § 349 Claim Fails as Wiseman Alleges No Loss Independent of Her Contract Claim, and Her "Lost Policy" Theory Is Implausible. ................. 5

   E.   The Unjust Enrichment Claim Fails Because a Contract Controls. ................... 6

   F.   The Declaratory Judgment Claim Serves No Useful Purpose. .......................... 7

   G.   The Conduct Alleged Is Not "Outrageous" to Support an IIED Claim. ............ 7

II.  All Claims Against Voya Financial Should Be Dismissed. ........................................ 8

   A.   Voya Financial Is Not Liable for RLNY's Acts. ................................................ 8

      1.   Voya Financial Is Not Party to or Directly Liable Under the Policy. ....... 8

      2.   Voya Financial Is Not Estopped from Denying Liability. ........................ 9

      3.   Voya Financial Is Not Liable as an Alter Ego of RLNY. ....................... 10

   B.   Wiseman Has No Article III Standing to Sue Any Entity But RLNY ............. 10

Conclusion ........................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Clement v. Farmington Cas. Co.*,
  2015 U.S. Dist. LEXIS 152221 (S.D.N.Y. Nov. 10, 2015) .............................................. 9

*Cowan v. City of Mt. Vernon*,
  95 F. Supp. 3d 624 (S.D.N.Y. 2015) ................................................................................ 7

*Fleischer v. Phx. Life Ins. Co.*,
  858 F. Supp. 2d 290 (S.D.N.Y. 2012) .............................................................................. 6

*Gallo v. Alitalia – Linee Aeree Italiane – Societa Per Azioni*,
  585 F. Supp. 2d 520 (S.D.N.Y. 2008) .............................................................................. 7

*Gray v. Toyota Motor Sales, U.S.A., Inc.*,
  806 F. Supp. 2d 619 (E.D.N.Y. 2011) ............................................................................. 3

*Harris v. Provident Life & Accident Ins. Co.*,
  310 F.3d 73 (2d Cir. 2002) ............................................................................................... 3

*Jacobs Private Equity, LLC v. 450 Park, LLC*,
  803 N.Y.S.2d 14 (1st Dep't 2005) ................................................................................... 3

*Joseph v. Gnutti Carlo S.p.A.*,
  2016 U.S. Dist. LEXIS 123532 (S.D.N.Y. Sept. 12, 2016) .............................................. 4

*Marshall v. Hyundai Motor Am.*,
  51 F. Supp. 3d 451 (S.D.N.Y 2014) ................................................................................. 7

*Merryman v. J.P. Morgan Chase Bank, N.A.*,
  2016 U.S. Dist. LEXIS 134883 (S.D.N.Y. Sept. 29, 2016) .............................................. 3

*Nektalov v. Kuwait Airways Corp.*,
  2016 U.S. Dist. LEXIS 135787 (E.D.N.Y. Sept. 30, 2016) ............................................. 7

*Nielsen v. AECOM Tech. Corp.*,
  762 F.3d 214 (2d Cir. 2014) ............................................................................................. 5

*Regent Ins. Co. v. Storm King Contr., Inc.*,
  2008 U.S. Dist. LEXIS 16513 (S.D.N.Y. Feb. 26, 2008) ................................................ 2

*Rivera v. Balter Sales Co.*,
  2014 U.S. Dist. LEXIS 166097 (S.D.N.Y. Dec. 1, 2014) ................................................ 6

*Schandler v. New York Life Ins. Co.*,
  2011 U.S. Dist. LEXIS 46322 (S.D.N.Y. Apr. 26, 2011) ................................................ 3

*Spagnola v. Chubb Corp.*,
  574 F.3d 64 (2d Cir. 2009) ............................................................................................... 6

*SUS Inc. v. St. Paul Traveler's Grp.*,
  75 A.D.3d 740 (3d Dep't 2010) ....................................................................................... 8

TABLE OF AUTHORITIES (CONT.)

*Tag 380, LLC v. ComMet 380, Inc.*,
   830 N.Y.S.2d 87 (1st Dep't 2007) ............................................................................... 4

*Tetelbaum v. Traveler's Cos., Inc.*,
   2013 N.Y. Misc. LEXIS 5423 (Suffolk Cnty. Sup. Ct. 2013) ........................................... 9

*Wolff v. Rare Medium, Inc.*,
   171 F. Supp. 2d 354 (S.D.N.Y. 2001) .......................................................................... 3

**Regulations**

11 N.Y.C.C.R. § 243.3 .............................................................................................. 4, 5

**INTRODUCTION**

Gloria Wiseman's attempt to convert her misreading of a life insurance policy into a seven-count class action fails on the pleadings. She identifies no provision that ReliaStar Life Insurance Company of New York (RLNY) breached, and the bulk of her other claims are duplicative of that failed contract theory. For instance, her negligence and GBL § 349 claims fail because identifies no extra-contractual harm or duty. Her unjust enrichment and GBL § 349 claims—apparently pled in the alternative if no contract exists—fail as there is no dispute that RLNY and Wiseman are parties to a contract. Her new theory—concocted only after a motion to dismiss detailed the problems with her contract claim—that RLNY "lost" her Policy and that the original (which Wiseman admits to losing) *must have* contained more favorable terms, is implausible. The declaratory judgment claim serves no purpose, and the intentional infliction of emotional distress (IIED) claim falls short of the "nearly impossible" standard to plead outrageousness. All individual claims fail.

Even if any claims could survive, they could only proceed against RLNY. Voya Financial is not a party to Wiseman's contract and never administered it. Wiseman admits that Voya Financial and RLNY are separate legal entities, but identifies no relevant factors to justify piercing the corporate veil, and no viable reason to hold Voya Financial liable for actions concerning a contract of its indirect subsidiary. Moreover, Wiseman fails to explain how she has standing to sue Voya Financial either individually or on behalf of a putative class as she did not own a Voya Financial policy. All claims against Voya Financial fail.

**ARGUMENT**

I.   **The Court Should Dismiss Wiseman's Seven Claims.**

　　A.   **Wiseman Identifies No Breach of a Policy Term or Her Performance.**

Wiseman's invocation of *contra preferentum* does not save her contract claims because

- 1 -

she identifies no ambiguous Policy provision that RLNY breached and does not seek an exchange to which she is entitled. *Contra preferentum* is a "general rule of construction" and "principle[] of last resort" invoked "(1) only when there is an ambiguity; and (2) only after all other guides to interpretation have failed to resolve that ambiguity." *See Regent Ins. Co. v. Storm King Contr., Inc.*, 2008 U.S. Dist. LEXIS 16513, at *29 n.3 (S.D.N.Y. Feb. 26, 2008). The exchange provision that Wiseman claims RLNY breached is not ambiguous: It allowed Wiseman to exchange her Policy after 31 days' written notice to "any plan of whole life or endowment *that we issue at the time of exchange*." (Policy at 18 (emphasis added).) Wiseman cannot use an interpretive principle "of last resort" to rewrite this language to require an exchange to a plan "*that we do or do not issue* at the time or exchange." Wiseman has not stated a breach of an express Policy term, and her claim fails on this ground alone.

Moreover, Wiseman did request and continues to seek in this action an exchange to which she is not entitled. The Policy entitled her to exchange for a plan that RLNY issued "at the time of exchange," "according to the rates in effect for the age and premium rate at the time of exchange." (Policy at 18.) Wiseman does not and cannot allege that she requested a policy that RLNY issued at the time of exchange, or that she would have paid premiums that nearly equaled the death benefit in a policy on a 95-year-old life. She thus has not alleged her own performance under the Policy.

Neither the FAC nor Wiseman's opposition offers any support for her other breach of contract allegations. Besides summarizing Defendants' arguments on these points and concluding "[n]one of this is true," Wiseman identifies no Policy term that RLNY breached in allegedly (*i*) failing to notify Wiseman of her exchange provision, or (*ii*) charging her the premium amounts as defined by her Policy. (Opp'n at 11–12.) With respect to her claim that RLNY failed to maintain the Policy's secondary market value, she merely identifies a

provision that allowed her to sell her Policy. She does not, however, explain how that obligates RLNY to do anything with respect to secondary market value, does not claim that she attempted to sell her Policy, and does not assert that RLNY ever prevented a sale. (*Id.*) As Wiseman fails to identify any terms that actually were breached, these claims fail. *Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d 354, 357–58 (S.D.N.Y. 2001).

### B.     The Implied Covenant Claim Duplicates the Failed Contract Claim.

Wiseman acknowledges that "New York law does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a plaintiff also pursues a breach of contract claim based on the same facts," (Opp'n at 14 (citing *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002)), but seeks to do exactly that. (Opp'n at 14 ("The requirement to exchange the policy upon demand, provide proper notice, charge fair premiums, and the other duties from Defendants to Plaintiff arise from different facts and do not conflict with the contractual duties and should move forward together with the breach of contract claim."); *see also* FAC ¶ 132 (alleging breach of contract for "failing to provide an option to exchange the policy upon demand," "failing to notify," and "overcharging premiums," among other alleged breaches).) The implied covenant claim relies on the same facts as the failed contract claim and should be dismissed. *See Schandler v. New York Life Ins. Co.*, 2011 U.S. Dist. LEXIS 46322, at *33–34 (S.D.N.Y. Apr. 26, 2011) (dismissing contract claim as failing to state a claim and dismissing implied covenant claim as duplicative of failed contract claim); *Jacobs Private Equity, LLC v. 450 Park, LLC*, 803 N.Y.S.2d 14, 15 (1st Dep't 2005) (same).

Wiseman also cannot plead a duplicative implied covenant claim in the alternative. *Merryman v. J.P. Morgan Chase Bank, N.A.*, 2016 U.S. Dist. LEXIS 134883, at *38 (S.D.N.Y. Sept. 29, 2016) (dismissing duplicative implied covenant claim pled in the alternative); *Gray*

- 3 -

*v. Toyota Motor Sales, U.S.A., Inc.*, 806 F. Supp. 2d 619, 624 (E.D.N.Y. 2011) (dismissing implied covenant claim as duplicative of dismissed breach of contract claim). "To assert an implied covenant claim "that is not duplicative of [the] . . . contract claim, Plaintiff[] must allege that Defendants fulfilled their contractual obligations but that those obligations were carried out in bad faith in order to deprive Plaintiffs of the benefit of their bargain." *Joseph v. Gnutti Carlo S.p.A.*, 2016 U.S. Dist. LEXIS 123532, at *24–27 (S.D.N.Y. Sept. 12, 2016) (Nathan, J.). Wiseman does not allege that "Defendants" fulfilled their contractual obligations, much less that they fulfilled the obligations in bad faith. Wiseman's implied covenant claim, like her breach of contract claim, should be dismissed.

    **C.    The Negligence Claim Fails as Wiseman Still Fails to Identify a Unique Injury or Duty, and RLNY Did Not "Lose" Her Policy.**

Wiseman does not dispute that a negligence claim must be dismissed as "duplicative of [a] breach of contract cause of action" when the plaintiff "seek[s] identical recovery" for both. *Tag 380, LLC v. ComMet 380, Inc.*, 830 N.Y.S.2d 87, 93 (1st Dep't 2007). Instead, she baldly asserts that her harm from the alleged negligence is "distinct," but identifies nothing besides her claimed inability to obtain the exchange she demanded, the Policy's resulting lapse, and a hypothetical decrease in secondary market value. (*See* Opp'n at 14.) This is the same harm she seeks to recover in her contract claim, so the negligence claim should be dismissed. (*See* Voya & RLNY Op. Mem. at 12 (hereinafter "Mem.").)

Even if the allegations were not entirely duplicative, her negligence claim fails because she identifies no viable extra-contractual duty. The statutes and regulations she identifies provide that RLNY had no duty to maintain her original Policy. 11 N.Y.C.C.R. § 243.3(a)(3) ("Upon transfer of an original record to a durable medium, *the insurer may destroy the original record* after assuring that all information contained in the original record,

- 4 -

including signatures, handwritten notations, or pictures, is contained in the durable medium."); *id.* § 243.3(a)(4) ("If the insurer does not retain the original paper record . . . *a duplicate or back-up system sufficient to permit reconstruction of the record shall be established* at a separate location."). The responsibility to maintain the original Policy was Wiseman's—and she neglected it. She cannot now complain that RLNY sent her a duplicate of the Policy.

Nonetheless, RLNY did not "lose" Wiseman's Policy, and her "lost policy" theory is pure speculation. (Mem. at 12–14.) Wiseman's only support for her theory is that RLNY (*i*) provided her with a policy stamped "duplicate," and (*ii*) did not have her application or illustrations. (Opp'n at 12.) RLNY's accurate "duplicate" watermark on a copy of Wiseman's Policy does not suggest any wrongdoing, and RLNY has supplied Wiseman's application and illustrations. (ECF No. 34-2). The "lost policy" theory is implausible.

Wiseman also offers no authority to suggest RLNY had an extra-contractual duty to "notify Plaintiff" of a "substantial change in management" (which was public information and caused her no harm), "protect the value of the policy by ensuring all its riders and provisions could be exercised" (which is precisely her breach of contract claim), or "conduct due diligence before taking responsibility for life insurance policies by purchasing companies" (which occurred 17 years ago and is barred by the statute of limitations, and allegedly caused the same injury as her contract claim). (Opp'n at 11.) The Court should reject these unsupported duties and dismiss the negligence claim.

> **D.  The GBL § 349 Claim Fails as Wiseman Alleges No Loss Independent of Her Contract Claim, and Her "Lost Policy" Theory Is Implausible.**

As an initial matter, Wiseman defends the GBL § 349 claim only on her "lost policy" theory, (*see* Opp'n 23–24); thus, any other bases alleged in the FAC have been abandoned and should be dismissed. *See Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 222 n.9 (2d Cir.

2014) (plaintiff abandoned certain claims in part because he failed to "oppos[e] the motion to dismiss on [those] issue[s]"); *Rivera v. Balter Sales Co.*, 2014 U.S. Dist. LEXIS 166097, at *6 (S.D.N.Y. Dec. 1, 2014) ("[F]ailure to respond to contentions raised in a motion to dismiss claims constitutes an abandonment of those claims.").[1]

Moreover, Wiseman does not dispute that to state a claim under GBL § 349, she must identify "loss . . . independent of the loss caused by the alleged breach of contract." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009). She makes no effort, however, under any GBL § 349 theory, to identify a unique injury. (*See* Opp'n at 23.) Her alleged injuries—inability to obtain the exchange she desired, lapse of her Policy, and hypothetical loss of value in the secondary market—are identical under her contract and GBL § 349 theories, so her § 349 claims should be dismissed. *See Fleischer v. Phx. Life Ins. Co.*, 858 F. Supp. 2d 290, 304–06 (S.D.N.Y. 2012) (dismissing GBL § 349 claim for failure to allege unique injury).

Wiseman's argument that her GBL § 349 claim should proceed "if no contract controls," (*see* Opp'n at 23–24), should be rejected because Wiseman indisputably was a party to a contract. The parties agree that RLNY and Wiseman had a contractual relationship. If Wiseman refuses to accept that the duplicate she received contains the Policy's terms and the Court allows that theory to proceed, then Wiseman bears the burden of proving the Policy's terms. *See Bianchi v. Florists Mut. Ins. Co.*, 660 F. Supp. 434, 436–37 (E.D.N.Y. 2009) ("Where, as here, a plaintiff asserting coverage is not in possession of a policy, its existence may be proven by resort to secondary evidence.").

### E.   The Unjust Enrichment Claim Fails Because a Contract Controls.

Wiseman similarly defends her unjust enrichment claim only on her lost policy

---

[1] In addition to abandoning the claims, Wiseman's GBL § 349 claim based on actions related to the RLNY 2000 merger are time-barred for the reasons stated in RLNY and Voya Financial's opening memorandum. (ECF No. 33, at 16–18.)

theory, so any other bases are abandoned. (*See above*.) No matter the theory, though, Wiseman's unjust enrichment claim fails because there is no dispute that RLNY and Wiseman had a contractual relationship, and Wiseman does not dispute that "when a matter is controlled by contract, the plaintiff has no valid claim for unjust enrichment under New York law." *Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451, 471 (S.D.N.Y 2014). (Opp'n at 23.) If the Policy were "lost" (and it is not), Wiseman would bear the burden of proving its terms. *See Bianchi*, 660 F. Supp. at 436–37.

### F. The Declaratory Judgment Claim Serves No Useful Purpose.

Wiseman does not rebut Voya Financial and RLNY's argument that a declaratory judgment claim serves no useful purpose, and should be dismissed where damages claims would resolve the same issues. (*See* Mem. 19–20.) Wiseman's conclusory statement that a declaration "would finalize the controversy and provide relief for plaintiff," (Opp'n at 23), ignores that litigating her damages claims also would "finalize the controversy" and determine whether she is entitled to relief.

### G. The Conduct Alleged Is Not "Outrageous" to Support an IIED Claim.

The outrageousness element is "all but impossible" to satisfy, *Gallo v. Alitalia – Linee Aeree Italiane – Societa Per Azioni*, 585 F. Supp. 2d 520, 554 (S.D.N.Y. 2008), and Wiseman has not met her burden. "Outside the employment context . . ., New York courts appear to require that plaintiffs allege either an unrelenting campaign of day in, day out harassment or that the harassment was accompanied by physical threats, in order to state a cognizable claim for IIED." *Nektalov v. Kuwait Airways Corp.*, 2016 U.S. Dist. LEXIS 135787, at *27 (E.D.N.Y. Sept. 30, 2016). Even in the "rare" employment cases that allow IIED claims to proceed, "the claims have been accompanied by allegations of sex discrimination, and more significantly, battery." *Cowan v. City of Mt. Vernon*, 95 F. Supp. 3d 624, 656 (S.D.N.Y. 2015).

While Wiseman claims that *her mother* felt "pressure . . . to pass," she does not allege that she personally suffered emotional distress, and does not and cannot allege that RLNY or any Defendant inflicted that pressure. (*See* Opp'n at 22.) There is no allegation that any Defendant even contacted Wiseman's mother. In any event, Wiseman has no authority to suggest that an insurer's execution of a policy can rise to the level of "outrageousness" sufficient to support an IIED claim. The IIED claim must be dismissed.

## II.  All Claims against Voya Financial Should Be Dismissed.

### A.  Voya Financial Is Not Liable for RLNY's Acts.

#### 1.  Voya Financial Is Not Party to or Directly Liable Under the Policy.

No facts support Wiseman's contention that Voya Financial is party to or has accepted direct liability for the Policy. (*See* Opp'n 15–18.) The FAC concedes, as it must, that RLNY became the successor-in-interest to Lincoln Security Life Insurance Company, and thus Wiseman's Policy, in January 1998. (*See* FAC ¶¶ 38–39.) The duplicate Policy she obtained from RLNY in December 2014, on which she bases her claims and which she attached to the FAC, clearly states that it comes from "ReliaStar Life Insurance Company of New York Customer Service Center" and that "Insurance products are issued by ReliaStar Life Insurance Company of New York (Woodbury, NY)." (ECF No. 29-1.)

The Voya Financial logos and statement that RLNY is "a member of the Voya Family of Companies" do not support Wiseman's argument. Shared marketing materials and branding are insufficient to show that Voya Financial is liable on the Policy. *SUS Inc. v. St. Paul Traveler's Grp.*, 75 A.D.3d 740, 742 n.1 (3d Dep't 2010) (finding that parent company, Traveler's, logo, appearing on pages of policy issued by Traveler's subsidiary does not make Traveler's party to or liable on the policy). (*See* Mem. at 22–24.) Wiseman also fails to address that the New York policy illustration attached to the FAC states it is offered

only by RLNY, and that the same inputs for illustrations from different insurers lead to different illustration results. (*Id.* at 23–24.)[2] Wiseman cannot show Voya Financial is liable on the Policy.[3]

### 2. Voya Financial Is Not Estopped from Denying Liability.

Wiseman cannot invoke the "extraordinary remedy" of equitable estoppel, which should be "invoked sparingly and only under exceptional circumstances." *Clement v. Farmington Cas. Co.*, 2015 U.S. Dist. LEXIS 152221, at *10 (S.D.N.Y. Nov. 10, 2015) (rejecting estoppel argument in denial of insurance). Wiseman does not plausibly allege that Voya Financial ever represented it would "stand behind" her Policy, and Wiseman's examples of Voya Financial logos on RLNY illustrations and letters do not suggest otherwise, particularly as the illustrations and letters expressly state that RLNY issues and is solely obligated on any policy. (*See* ECF Nos. 29-1, 29-2 & 29-3.) Moreover, Wiseman's allegation that she had a "change of position" is belied by her admission that she was unaware the Policy had "traded hands" from Lincoln. (Opp'n at 1.) She also could not have relied on any Voya Financial logos because she never purchased any policy from Voya Financial (her Policy was acquired by RLNY). Thus, Wiseman's allegation that had she known Voya Financial "would not stand behind her Policy" she "would not have maintained the Policy, would have made her exchange demand to a different party, and otherwise would have acted earlier and/or differently to preserve her rights" is nonsensical: she did not maintain her Policy, made requests to Voya Financial and RLNY, then sued.

---

[2] Wiseman also again incorrectly asserts that "all correspondence" concerning her request for an exchange was conducted through Voya Financial. (*See* Opp'n 16.) Exhibit 3 to Voya Financial and RLNY's opening brief shows that RLNY responded directly to her request. (ECF No. 34-3.)

[3] *Tetelbaum v. Traveler's Cos., Inc.*, 2013 N.Y. Misc. LEXIS 5423 (Suffolk Cnty. Sup. Ct. 2013), is not to the contrary. In *Tetelbaum*, the court denied Traveler's motion to dismiss where Traveler's was listed on the policy declarations page, *and* where the policy terms "contain[ed] numerous references to 'Traveler's' companies.". *Id.* at *2 & 7. In contrast, the Policy terms do not state that anyone but the Policy owner—Lincoln, succeeded by RLNY—is offering the coverage, and the letter accompanying the duplicate Policy makes that clear, too.

### 3. Voya Financial Is Not Liable as an Alter Ego of RLNY.

Wiseman's alter ego theory fails because the FAC acknowledges that Voya Financial and RLNY are distinct corporate entities, (FAC ¶¶ 7–14), but fails to allege that any purported domination by Voya Financial defrauded or injured Wiseman. (*See* Mem. at 24.)

The only support for Wiseman's veil piercing theory is branding, Voya Financial having an office in New York, and a past administrative dissolution.[4] (Opp'n at 21–22; Opp'n to ING Groep Mot. to Dismiss, 7–8.) As discussed above and in the opening brief, marketing materials, branding, and legal conclusions are insufficient to disregard corporate forms. (Mem. at 22–24.) Wiseman's contentions concerning Voya Financial's New York office and past administrative dissolution are unremarkable and irrelevant to veil-piercing. Voya Financial is a Delaware corporation, in good standing in Delaware. Far from a boiler room operation, it is listed on the New York Stock Exchange. Wiseman's contention that it is a "sham," (Opp'n to ING Groep Mot. at 8), is unsupported by any factual allegations.

### B. Wiseman Has No Article III Standing to Sue Any Entity But RLNY.

Wiseman fails to rebut that she lacks standing to sue Voya Financial either individually or on behalf of the putative "Legacy Policy Class." (*See* Mem. 24–25.) As discussed in Voya Financial's opening brief and above, Voya Financial was never a party to or administrator of Wiseman's Policy, and Wiseman identifies no authority or plausible allegations to the contrary. Because Wiseman lacks standing to sue Voya Financial, her claims against Voya Financial should be dismissed.

### CONCLUSION

The Complaint should be dismissed in its entirety with prejudice.

---

[4] Voya Financial has satisfied its New York state tax obligations and has been reinstated to "active" good status by the New York Secretary of State.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: February 16, 2017<br>Louisville, Kentucky | /s/ *Michael T. Leigh*<br>Clark C. Johnson (*pro hac vice*)<br>Michael T. Leigh<br>Jeffrey S. Moad (*pro hac vice*)<br>Stites & Harbison PLLC<br>400 West Market Street, Suite 1800<br>Louisville, KY  40202-3352<br>Tel:     (502) 587-3400<br>Email: cjohnson@stites.com<br>            mleigh@stites.com<br>            jmoad@stites.com<br><br>Andrew D. O'Toole<br>O'Toole + O'Toole PLLC<br>22 Valley Road<br>Katonah, NY 10536<br>Tel:     (914) 232.1511<br>Email: aotoole@otoolegroup.com<br><br>*Counsel for ING Groep N.V.* |

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2017 I served the foregoing document on all counsel of record through CM/ECF.

       /s/ Michael T. Leigh
*Counsel for Voya Financial, Inc. and
ReliaStar Life Insurance Company of New York*