UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLORIA D. WISEMAN,

              PLAINTIFF,

v.

ING GROEP N.V., VOYA FINANCIAL, INC.,
AND RELIASTAR LIFE INSURANCE COMPANY
OF NEW YORK,

              DEFENDANTS.

NO. 1:16-CV-07587 (AJN)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
ING GROEP N.V.'S MOTION TO DISMISS**

STITES & HARBISON PLLC
Clark C. Johnson (*pro hac vice*)
Michael T. Leigh
Jeffrey S. Moad (*pro hac vice*)
400 West Market St., Ste. 1800
Louisville, Kentucky 40202

O'TOOLE + O'TOOLE PLLC
Andrew D. O'Toole
22 Valley Road
Katonah, NY 10536

*Counsel for ING Groep N.V.*

# TABLE OF CONTENTS

Introduction ................................................................................................................... 1

Argument........................................................................................................................ 1

I.      Wiseman Fails to Demonstrate ING Groep Is a Proper Party to this Action............. 1

        A.      ING Groep Is Not Party to or Directly Liable Under the Policy. ................... 1

        B.      ING Groep Is Not Estopped from Denying Liability on the Policy............... 3

        C.      Wiseman Cannot Assert Claims Against RLNY's
                Former Ultimate Holding Company Based on "Alter Ego" Liability. ........... 5

        D.      Wiseman Lacks Standing to Sue ING Groep. ............................................... 6

II.     Wiseman Fails to Plead Any Plausible Claims Against ING Groep. ........................ 7

Conclusion..................................................................................................................... 10

### TABLE OF AUTHORITIES

## Cases

*Bryant v. Comm'r of Soc. Sec.*,
   2015 U.S. Dist. LEXIS 151143 (S.D.N.Y. Aug. 17, 2015) ............................................. 9

*Bulova Watch Co. Inc. v. Celotex Corp.*,
   46 N.Y.2d 606 (1979) ....................................................................................................... 8

*BWA Corp. v. Alltrans Express U.S.A.*,
   493 N.Y.S.2d 1 (1st Dep't 1985) ..................................................................................... 4

*Clement v. Farmington Cas. Co.*,
   2015 U.S. Dist. LEXIS 152221 (S.D.N.Y. Nov. 10, 2015) ............................................. 3

*Davidson v. Ventrius Biosciences, Inc.*,
   2014 U.S. Dist. LEXIS 63038 (S.D.N.Y. May 5, 2014) .............................................. 3, 6

*Garcia v. Paris Maint.*,
   2016 U.S. Dist. LEXIS 60111 (E.D.N.Y. May 4, 2016) ................................................. 6

*Kosowsky v. Willard Mtn. Inc.*,
   90 A.D.3d 1127 (3d Dep't 2011) ...................................................................................... 8

*Nielsen v. AECOM Tech. Corp.*,
   762 F.3d 214 (2d Cir. 2014) ............................................................................................. 9

*Rivera v. Balter Sales Co.*,
   2014 U.S. Dist. LEXIS 166097 (S.D.N.Y. Dec. 1, 2014) ............................................... 9

*SUS Inc. v. St. Paul Traveler's Grp.*,
   75 A.D.3d 740 (3d Dep't 2010) ........................................................................................ 4

*Tavares v. N.Y. City Health & Hosp. Corp.*,
   2015 U.S. Dist. LEXIS 3815 (S.D.N.Y. Jan. 13, 2015) .............................................. 5, 7

*Tetelbaum v. Traveler's Cos., Inc.*,
   2013 N.Y. Misc. LEXIS 5423 (Suffolk Cnty. Sup. Ct. 2013) ........................................ 3

INTRODUCTION

Wiseman ignores most of the arguments advanced in ING Groep's opening memorandum, instead basing her opposition to ING Groep's motion to dismiss on speculation, innuendo, and allegations that are flatly contradicted by the public record. The FAC admits that RLNY is the successor-in-interest to Wiseman's Policy, and that starting in 2013, before she sought to exchange her policy, RLNY was not an indirect subsidiary of ING Groep. Wiseman presents no allegations or legal authority to support her effort to hold ING Groep, as RLNY's *former* ultimate holding company, liable on the claims asserted. In short, Wiseman cannot demonstrate that ING Groep is a proper party to this action.

Moreover, Wiseman's claims are implausible because the only allegations of conduct by ING Groep date to 2000 and are time-barred, and because the only concrete alleged wrongdoing and the only alleged injury suffered occurred in 2015—long after ING Groep divested Voya Financial and ceased being RLNY's ultimate holding company. Wiseman fails to defend most of her claims as to ING Groep, making no argument in support of (*i*) her allegations against ING Groep dating to Voya Financial's 2000 acquisition of RLNY, (*ii*) her GBL § 349 claim, (*iii*) her declaratory judgment claim, (*iv*) her unjust enrichment claim, or (*v*) her intentional infliction of emotional distress (IIED) claim.

The Complaint should be dismissed with prejudice as to ING Groep.

ARGUMENT

I.    **Wiseman Fails to Demonstrate ING Groep Is a Proper Party to this Action.**

A.    **ING Groep Is Not Party to or Directly Liable Under the Policy.**

Wiseman identifies no factual allegations to support her assertion that during the 2000 to 2013 period in which ING Groep owned RLNY's grandparent company, ING Groep "was the actual counterparty" to the Policy. (*See* Opp'n 3.) The FAC correctly

concedes that RLNY was party to the Policy and that ING Groep was not the corporate owner of RLNY (or Voya Financial) by the time Wiseman sought an exchange and allegedly was unable to obtain one. The FAC acknowledges that RLNY became the successor-in-interest to Lincoln Security Life Insurance Company, and thus Wiseman's Policy, in January 1998—more than two years before ING Groep's grandchild company purchased RLNY in September 2000. (FAC ¶¶ 38–39.) The FAC concedes ING Groep divested Voya Financial (and thus RLNY) in 2013. (*Compare id.* at ¶ 96 (alleging divestment in October 2013) *with* ING Groep Mem. at 3 n. 4 (SEC filings show Voya Financial IPO occurred in May 2013).)

Wiseman's strained effort to create some ambiguity as to whether ING Groep was party to her Policy is contradicted by her opposition and the Policy. She concedes that she did not know that ING Groep owned her Policy at any time. (*See* Opp'n 1 ("Unbeknownst to her or any legacy policy holders like her, Ms. Wiseman's life insurance policy traded hands behind the scenes several times at the whim of the market.").) By the time she requested a duplicate Policy in December 2014, ING Groep was no longer RLNY's ultimate holding company, and in fact owned less than 50% of Voya Financial's stock. (*See* ING Groep Mem. 2–3.) The duplicate Policy does not mention ING Groep, and the cover letter accompanying it was sent from "ReliaStar Life Insurance Company of New York Customer Service Center" and states that "Insurance products are issued by ReliaStar Life Insurance Company of New York (Woodbury, NY), a member of the Voya Family of Companies." (ECF No. 29-1.)

Thus, the Court should reject Wiseman's conclusory claim that any exchange would have been "directly with" ING Groep, (Opp'n 4). In light of the FAC allegations,

contentions in Wiseman's opposition brief, and the public record, Wiseman cannot prove that ING Groep would have had *any* involvement when she sought to exchange her Policy from 2015 onward. *See Davidson v. Ventrius Biosciences, Inc.*, 2014 U.S. Dist. LEXIS 63038, at *10 (S.D.N.Y. May 5, 2014) (rejecting allegations contradicted by SEC filings).

*Tetelbaum v. Traveler's Cos., Inc.*, 2013 N.Y. Misc. LEXIS 5423 (Suffolk Cnty. Sup. Ct. 2013), does not support Wiseman's argument. In *Tetelbaum*, the court denied Traveler's motion to dismiss where Traveler's was the *present* parent company of the subsidiary that issued the insurance policy (and was listed as such on the policy declarations page), and where the policy terms "contain[ed] numerous references to 'Traveler's' companies." *Id.* at *2 & 7. In contrast, ING Groep does not appear on the Policy and has never been affiliated with the Policy. Moreover, the Policy states that it was issued by Lincoln—and Wiseman admits that RLNY is Lincoln's successor-in-interest. The December 2014 letter that accompanies Wiseman's duplicate Policy also suggests RLNY is the appropriate party, and does not mention ING Groep. (*See* ECF No. 29-1.) In contrast to *Tetelbaum*, the claims concerning ING Groep are implausible, unsupported by any factual allegations, contradicted by the public record, and should be dismissed.

### B.    ING Groep Is Not Estopped from Denying Liability on the Policy.

Wiseman also cannot invoke the "extraordinary remedy" of equitable estoppel, which "should be invoked sparingly and only under exceptional circumstances." *Clement v. Farmington Cas. Co.*, 2015 U.S. Dist. LEXIS 152221, at *10 (S.D.N.Y. Nov. 10, 2015) (rejecting equitable estoppel argument in denial of insurance context). Wiseman cannot demonstrate (*i*) any material representation or concealment by ING Groep, (*ii*) that ING Groep ever represented it would "stand behind" her Policy (or any others) after it divested

its U.S. life insurance holdings, or (*iii*) that ING Groep intended for Wiseman (or anyone else) to act based on a belief that ING Groep would continue to have any involvement with Voya Financial or RLNY policies following Voya Financial's IPO. *Id.* at *9; *BWA Corp. v. Alltrans Express U.S.A.*, 493 N.Y.S.2d 1, 3 (1st Dep't 1985) (rejecting equitable estoppel argument by plaintiff).

*First*, that ING Groep logos used to appear on RLNY illustrations is not a representation or concealment concerning Wiseman's Policy. As Wiseman's Policy was *acquired* by ING Groep's subsidiary (not sold by ING Groep), ING Groep made no representations to Wiseman concerning the Policy. Only Lincoln made representations to Wiseman—and that was 7 years before RLNY acquired it and 9 years before ING Groep acquired RLNY. Wiseman also admits she was unaware that her Policy ever "traded hands," (Opp'n 1), further underscoring that ING Groep never represented anything to her. Additionally, Wiseman's allegations concerning ING Groep's logo appearing on RLNY policies sold between 2000 and 2013 do not demonstrate that ING Groep is liable on policies its grandchild subsidiaries acquired from other insurers during that time period. *SUS Inc. v. St. Paul Traveler's Grp.*, 75 A.D.3d 740, 742 n.1 (3d Dep't 2010) (finding that logo of the parent company, Traveler's, appearing on pages of policy issued by Traveler's subsidiary did not make Traveler's party to or liable on the policy). (*See also* ING Groep Mem. 7.)

Similarly, Wiseman's claims that ING Groep made representations to New York regulators in 2000 or that unidentified people in the life insurance industry purportedly referred to RLNY as "ING" are immaterial. There is no allegation that ING Groep made any representation to a regulator with the intention that Wiseman would rely on it, *BWA Corp.*, 493 N.Y.S.2d at 3, and claims concerning 17-year-old representations are time-barred.

Moreover, that RLNY "was universally referred to in the life insurance industry as 'ING,'" (ECF No. 48 at 11), is not a representation by ING Groep.

*Second*, even if, *arguendo*, ING Groep had represented that it "stood behind" or "was entirely responsible for the administration of the Wiseman policy," (ECF No. 48 at 6), those representations are inapposite to Wiseman's attempt to estop ING Groep from denying liability for alleged wrongdoing that occurred and injury allegedly suffered *after* ING Groep divested Voya Financial (and, thus, RLNY). Wiseman does not plausibly allege that ING Groep represented that it would *remain* the administrator or *continue* to "stand behind" RLNY policies following Voya Financial's IPO in May 2013. She also cannot show that ING Groep intended for her to act on any belief that ING Groep would have any continuing involvement in RLNY policies. Thus, the Court should reject the estoppel theory.

### C.     Wiseman Cannot Assert Claims Against RLNY's Former Ultimate Holding Company Based on "Alter Ego" Liability.

The FAC concedes, and the public record confirms, that ING Groep ceased being RLNY's ultimate holding company in 2013 upon Voya Financial's IPO. (*See* FAC ¶ 96; ING Groep Mem. 3 n. 4.) Public records also demonstrate that ING Groep lacked any arguable "control" over Voya Financial when its stock ownership in Voya Financial dropped under 50% in March 2014. (*See* ING Groep Mem. 3 n.4.)

Wiseman's speculation that ING Groep did not actually divest Voya Financial, (FAC ¶¶ 22, 43, 98–101; Opp'n at 13–14), is flatly contradicted by the public records cited in ING Groep's opening brief. (ING Groep Mem. 3 n.4.) The Court should "reject the truthfulness of . . . allegations when they are contradicted by matters of which judicial notice may be taken." *Tavares v. N.Y. City Health & Hosp. Corp.*, 2015 U.S. Dist. LEXIS 3815, at *10 (S.D.N.Y. Jan. 13, 2015). As the Court may judicially notice the SEC filings detailing ING

Groep's divestiture of Voya Financial, *Davidson*, 2014 U.S. Dist. LEXIS 63038 at *10,

Wiseman's claim that ING Groep did not genuinely divest Voya Financial fails.

At bottom, Wiseman asserts claims against RLNY's *former* ultimate holding

company under an "alter ego" veil-piercing theory, but the FAC alleges no facts to support a

finding of complete domination or that any purported domination injured her. She alleges

no facts relating to any of the factors courts consider to determine the requisite complete

domination. *See Garcia v. Paris Maint.*, 2016 U.S. Dist. LEXIS 60111, at *14–15 (E.D.N.Y.

May 4, 2016) (relevant factors include "intermingling of corporate and shareholder funds,

undercapitalization of the corporation, failure to observe corporate formalities such as the

maintenance of separate books and records, failure to pay dividends, insolvency at the time

of the transaction, siphoning off of funds by the dominant shareholder, and the inactivity of

other officers and directors"). She offers no authority to suggest her reliance on logos,

marketing materials, that some officers remained with Voya Financial after its IPO, and

speculation that RLNY still uses ING Groep practices in administering policies, (*see* Opp'n

at 9), suffice to impose alter ego liability. Moreover, she alleges no facts indicating that

RLNY was merely a mechanism to achieve wrongdoing by ING Groep. (*See* ING Groep

Mem. at 7–8.) Wiseman's alter ego theory should be rejected.[1]

### D.   Wiseman Lacks Standing to Sue ING Groep.

Wiseman offers no plausible argument to rebut ING Groep's authority that she has

no standing to sue ING Groep either individually or on behalf of her putative "Legacy

Policy Class." (*See* ING Groep Mem. at 9.) As discussed in ING Groep's opening brief and

above, ING Groep was never a party to or the administrator of Wiseman's Policy, and

---

[1]   As Wiseman's allegations and the public record demonstrate that under no set of facts could ING Groep be liable on the Policy, Wiseman's request for "jurisdictional discovery" should be denied.

Wiseman identifies no authority to the contrary. As discussed in ING Groep's opening brief and below, ING Groep never caused her any injury: an injury allegedly suffered two years after ING Groep divested Voya Financial could not plausibly have been caused by ING Groep. As Wiseman lacks standing to sue ING Groep, her claims should be dismissed.

## II.    Wiseman Fails to Plead Any Plausible Claims Against ING Groep.

Wiseman's claims against ING Groep also fail to state a claim because she does not allege that ING Groep engaged in any misconduct (or that she suffered any injury) when ING Groep was the ultimate holding company for Voya Financial and RLNY. (*See* ING Groep Mem. 10–13.) Indeed, Wiseman identifies no injury or damages proximately caused by ING Groep, nor could she given the temporal disconnect between when ING Groep possibly could have acted (pre-May 2013) and when she suffered any injury (post-February 2015).[2] Wiseman's repeated characterization of all alleged wrongdoing leading to her injury in 2015 as done by "all Defendants," (Opp'n 17), ignores this causal disconnect and should be disregarded. *Tavares*, 2015 U.S. Dist. LEXIS 3815 at *10 (court need not accept as true allegations contradicted by other allegations and public records).

Wiseman also fails to allege that ING Groep did anything improper during the brief period of time ING Groep's corporate ownership of Voya Financial and RLNY overlapped with the limitations period. (ING Groep Mem. at 11–12.) Wiseman does not allege that she has ever communicated with ING Groep, much less that she ever requested an exchange from ING Groep. As shown above, ING Groep was not the corporate owner of Voya Financial or RLNY when she sought an exchange. (*See id.*; Part I, above.)

---

[2]  Wiseman identifies no injury stemming from her allegations that ING Groep lost her policy or failed to notify her of the "unavailability" of an exchange. Rather, her only claimed injuries stem from the exchange provision: (*i*) lapse of her Policy because she was unable to obtain the exchange she sought, (*ii*) overpayment of premiums because the alleged "unavailability" of the exchange she desired; and (*iii*) decreased hypothetical secondary market value because a policy "available" for exchange is worth more than one "unavailable" for exchange.

The sole case cited in support of Wiseman's claims against ING Groep, *Bulova Watch Co. Inc. v. Celotex Corp.*, 46 N.Y.2d 606 (1979), is inapposite. In *Bulova*, the court rejected a statute of limitations argument where the plaintiff sued after the expiration of a services contract but within six years of an identifiable request for services and damages suffered as a result of defendant's failure to provide the services. *Id.* at 609. The court held that because the contract contemplated ongoing services for the duration of its term, the limitations period ran "separately for the damages occasioned each time a breach of the obligation to repair the bonded roof occurred," and permitted the claim. *Id.* at 611. Here, in contrast, Wiseman had no contract with ING Groep, and did not request an exchange during the time when ING Groep was the ultimate holding company of RLNY. There thus was no valid request by Wiseman that ING Groep failed to satisfy during the limitations period.

Wiseman's equitable estoppel and "continuing wrong" tolling arguments are similarly unavailing. (*See* RLNY and Voya Financial's Mem., ECF No. 33 at 14–16.) She cannot base equitable estoppel on the same actions and inactions that form the bases for her underlying causes of action. *Kosowsky v. Willard Mtn. Inc.*, 90 A.D.3d 1127, 1130–31 (3d Dep't 2011) (affirming dismissal of claims as time-barred). Yet her breach of contract, implied covenant, negligence, and GBL § 349 claims all are premised on the same contentions she advances in support of tolling. (*See* FAC ¶¶ 131(a)–(c), 161 (a)–(c), 188(b) & (e), 216.) Moreover, her allegation that ING Groep—which was not a party to the Policy and had no contact with Wiseman—committed any wrong, much less a "continuing wrong," is implausible. As demonstrated above, ING Groep was a distinct legal entity that never committed a wrong to Wiseman. Even if it had, Wiseman alleges one-time wrongs that created ongoing injuries—that the Policy allegedly became unavailable for exchange

and that Defendants lost her Policy in 2000, (*see* Opp'n 1, 18–21)—which do not trigger the continuing wrongs doctrine under New York law. *Bryant v. Comm'r of Soc. Sec.*, 2015 U.S. Dist. LEXIS 151143, at *39–40 (S.D.N.Y. Aug. 17, 2015).

Last, Wiseman makes no attempt to defend the vast majority of her claims as to ING Groep. *See Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 222 n.9 (2d Cir. 2014) (plaintiff abandoned claims in part because he failed to "oppos[e] the motion to dismiss on [those] issue[s]"); *Rivera v. Balter Sales Co.*, 2014 U.S. Dist. LEXIS 166097, at *6 (S.D.N.Y. Dec. 1, 2014) ("[F]ailure to respond to contentions raised in a motion to dismiss claims constitutes an abandonment of those claims.") (collecting cases). Specifically, she does not defend:

- Any allegations concerning conduct in and around 2000 regarding Voya Financial's purchase of RLNY, (e.g., negligence and GBL § 349).

- Her GBL § 349 claim to the extent it is not time-barred (e.g., by identifying a deceptive act by ING Groep within the statute of limitations).

- Her declaratory judgment claim (e.g., she does not argue that a prospective declaration against a past corporate affiliate would serve any useful purpose).

- Her unjust enrichment claim (e.g., she identifies no sufficiently close relationship between her and ING Groep at the time of any alleged wrongdoing and injury).

- Her IIED claim (e.g., she does not claim that ING Groep engaged in any outrageous conduct or rebut that the only emotional distress she alleges—her mother's feeling pressure to pass—could not have arisen before February 2015 when she first made her written requests, and so could not have been caused by ING Groep. (*See* ING Groep Mem. at 11 & 13.)).

The claims Wiseman has failed to defend should be dismissed with prejudice.

Because Wiseman cannot state any plausible claim for relief against ING Groep within the statute of limitations periods, and any conduct alleged as to ING Groep is both time-barred and completely disconnected from any identifiable alleged wrongdoing or injury, all claims against ING Groep fail as a matter of law.

## CONCLUSION

For the reasons outlined in ING Groep's opening memorandum and herein, the FAC should be dismissed in its entirety, with prejudice, as to ING Groep.

Respectfully submitted,

Dated: February 16, 2017
Louisville, Kentucky

 /s/ Michael T. Leigh
Clark C. Johnson (*pro hac vice*)
Michael T. Leigh
Jeffrey S. Moad (*pro hac vice*)
Stites & Harbison PLLC
400 West Market Street, Suite 1800
Louisville, KY  40202-3352
Tel:    (502) 587-3400
Email: cjohnson@stites.com
          mleigh@stites.com
          jmoad@stites.com

Andrew D. O'Toole
O'Toole + O'Toole PLLC
22 Valley Road
Katonah, NY 10536
Tel:    (914) 232.1511
Email: aotoole@otoolegroup.com

*Counsel for ING Groep N.V.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2017, I served the foregoing document on all counsel of record through CM/ECF.

 */s/ Michael T. Leigh*
*Counsel for ING Groep N.V.*