UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLORIA D. WISEMAN,<br><br>           PLAINTIFF,<br>v.<br><br>RELIASTAR LIFE INSURANCE COMPANY OF NEW YORK,<br><br>           DEFENDANT. | NO. 1:16-CV-07587 (AJN)<br><br>RELIASTAR LIFE INSURANCE COMPANY OF NEW YORK'S ANSWER AND AFFIRMATIVE DEFENSES |

For its Answer to Plaintiff's First Amended Class Action Complaint, Defendant ReliaStar Life Insurance Company of New York states as follows:

1.      Defendant admits that Plaintiff purports to bring this suit as a class action, but denies that any class can be certified. As to former defendants ING Groep, N.V., and Voya Financial, Inc., Defendant refers to the Court's September 28, 2017 Memorandum Opinion and Order and respectfully submits that with respect to the allegations in Paragraph 1 and the remainder of the Amended Complaint directed to those dismissed parties, no response is necessary. Defendant denies the remaining allegations of Paragraph 1.

2.      In response to Paragraph 2, Defendant admits that Plaintiff seeks various remedies in this suit but denies Plaintiff is entitled to any such relief.

3.      In response to Paragraph 3, Defendant admits on information and belief that Plaintiff currently resides in New Jersey. Defendant admits that it was a

counterparty to an insurance contract with Plaintiff. Defendant refers to the contract for its terms, and denies the remaining allegations in Paragraph 3.

  4–11. Defendant refers to the Court's September 28, 2017 Memorandum Opinion and Order and submits that no response to Paragraphs 4–11 is necessary.

  12. Defendant admits the allegations in the first sentence of Paragraph 12 and further admits that Paragraph 12 identifies some of its predecessor entities.

  13. Defendant admits the allegations in Paragraph 13.

  14. Defendant admits the allegations in Paragraph 14.

  15. Defendant admits that it has or had some corporate affiliation with the former defendants, but otherwise denies the allegations in Paragraph 15.

  16. In response to Paragraph 16, Defendant admits that this Court has jurisdiction under 28 U.S.C. § 1332(d).

  17. In response to Paragraph 17, Defendant admits that the amount in controversy exceeds jurisdictional limits in 28 U.S.C. § 1132, but denies the remaining allegations.

  18. In response to Paragraph 18, Defendant refers to the Report on Market Conduct Examination referenced, admits that that Report provides that as of 2008, less than two-thirds of premiums on Defendant's life insurance policies were paid by New York residents. Answering further, Defendant states that, to the extent that any exception to jurisdiction under 28 U.S.C. § 1332(d) might apply, the Court retains jurisdiction under 28 U.S.C. § 1332(a).

19. Defendant admits the allegations of Paragraph 19 and further refers to its answer to Paragraphs 16–18.

20. Defendant refers to the Court's September 28, 2017 Memorandum Opinion and Order and submits that no response to Paragraph 20 is necessary. To the extent an answer is necessary, the allegations are denied.

21–25. Defendant refers to the Court's September 28, 2017 Memorandum Opinion and Order and submits that no response to Paragraphs 21–25 is necessary. To the extent an answer it necessary, the allegations are denied.

26. Defendant admits the allegations in Paragraph 26.

27. Defendant refers to the Court's September 28, 2017 Memorandum Opinion and Order and submits that no response to Paragraph 27 is necessary. To the extent an answer is necessary, the allegations are denied.

28. Defendant admits that venue is proper in this District but otherwise denies the allegations in Paragraph 28.

29. Defendant admits the allegations of Paragraph 29.

30. Defendant admits the allegations of Paragraph 30.

31. In response to Paragraph 31, Defendant refers to the contract for its terms and denies that Paragraph 31 accurately and fully characterizes those terms.

32. Defendant admits that it sent Plaintiff a copy of the contract on December 23, 2014, but denies the remaining allegations in Paragraph 32.

33. Defendant denies the allegations of Paragraph 33.

...

34. Defendant lacks information as to Plaintiff's belief and therefore denies the allegations of Paragraph 34.

35. Defendant denies the allegations of Paragraph 35.

36. Defendant denies that it lost the contract and denies the remaining allegations of Paragraph 36. Defendant also references the Court's September 28, 2017 Memorandum Opinion and Order and denies that discovery will be conducted on Plaintiff's allegations that Defendant lost the contract.

37. In response to Paragraph 37, Defendant admits that the Duplicate Policy is attached to the First Amended Complaint.

38. Defendant admits the allegations of Paragraph 38.

39–43. Defendant refers to the Court's September 28, 2017 Memorandum Opinion and Order and states that no response is necessary to Paragraphs 39–43. To the extent a response is necessary, Defendant denies the allegations.

44. Defendant admits that it is a subsidiary of former defendant Voya Financial but denies the remaining allegations of Paragraph 44.

45. In response to paragraph 45, Defendant refers to its responses to Paragraphs 85–102 of the First Amended Complaint.

46. In response to Paragraph 46, Defendant admits that the contract provides for a flexible premium adjustable life insurance policy. Answering further, Defendant refers to the contract for its terms and denies that Paragraph 46 accurately or fully describes the exchange provision of the contract.

47–49.   Defendant lacks sufficient information to admit or deny the allegations of Paragraphs 47–49 and so denies them.

50.   Defendant denies the allegations of Paragraph 50.

51.   Defendant admits the allegations of Paragraph 51.

52.   Defendant admits that the exchange provision set forth in Paragraph 53 is included in the contract and denies the remaining allegations of Paragraph 52.

53.   Defendant admits the allegations of Paragraph 53.

54.   In response to Paragraph 54, Defendant admits that Plaintiff inquired about exchange considerations in 2015 but denies that Plaintiff was entitled to the exchange she requested.

55.   Defendant admits that it received telephone calls from Plaintiff and her representatives in January and February 2015 but denies the remaining allegations of Paragraph 55.

56.   Defendant denies the allegations of Paragraph 56.

57.   In response to Paragraph 57, Defendant denies that the February 10, 2015 email purportedly set forth in the Complaint constitutes an exercise of an exchange right.

58.   Defendant lacks sufficient information to respond to the allegations in the first sentence of Paragraph 58 and so denies them. Defendant denies the remaining allegations of Paragraph 58.

59–60.   Defendant denies the allegations of Paragraphs 59–60.

61. Defendant refers to the February 22, 2015 letter for its terms and denies that the allegations of Paragraph 61 accurately or fully describe the substance of that letter.

62. Defendant refers to the February 22, 2015 letter for its terms and denies that the allegations of Paragraph 62 accurately or fully describe the substance of that letter. In particular, that letter expressly requests an exchange to "a similar policy with no age expiration, same premium or less" than that of the then in-force policy.

63. Defendant lacks sufficient information to respond to the allegations of Paragraph 63 concerning the drafting of the February 22, 2015 letter and so denies them. Defendant denies the remaining allegations of Paragraph 63.

64. Defendant admits that Plaintiff wished for a new whole life policy on a 95-year old insured, using the premium rates for a 70-year old insured. Defendant denies that Plaintiff was entitled to such a policy and denies the remaining allegations of Paragraph 64.

65. In response to Paragraph 65, Defendant refers to the February 22, 2015 letter for its terms and denies that the allegations of Paragraph 65 accurately or fully describe the substance of that letter.

66–70. Defendant denies the allegations of Paragraphs 66–70.

71. Defendant admits that it exchanged written correspondence with Plaintiff and communicated with Plaintiff in telephone calls after February 2015, but denies the remainder of the allegations in Paragraph 71.

72. Defendant denies the allegations of Paragraph 72.

73. Defendant admits that it was required to perform its legal obligations under the contract but denies the remaining allegations of Paragraph 73.

74. In response to Paragraph 74, Defendant refers to the contract for its terms and denies that the allegations in Paragraph 74 accurately or fully describe Defendant's contractual duties.

75. In response to Paragraph 75, Defendant refers to the April 24, 2015 letter for its terms and denies that the allegations in Paragraph 75 accurately or fully describe the substance of that letter.

76. In response to Paragraph 76, Defendant refers to the March 11, 2016 letter for its terms and denies that the allegations in Paragraph 75 accurately or fully describe the substance of that letter.

77. Defendant denies the allegations of Paragraph 77.

78. Defendant denies that the allegations of Paragraph 78 accurately describe its life insurance policies and deny the remaining allegations of Paragraph 78.

79. Defendant refers to its life insurance contracts for their terms and denies the allegations of Paragraph 79.

80–82. Defendant denies the allegations of Paragraphs 80–82.

83. Defendant denies that it breached the contract. Defendant lacks sufficient information to respond to the remaining allegations of Paragraph 83 and so denies them.

84. Defendant denies that it breached the contract. Defendant lacks sufficient information to respond to the remaining allegations and so denies them.

85. Defendant admits that it is a corporate affiliate of one of the former defendants. Defendant refers to the Court's September 28, 2017 Memorandum Opinion and Order and submits that no response to Paragraph 85 is necessary.

86–102. Defendant refers to the Court's September 28, 2017 Memorandum Opinion and Order and submits that no response to Paragraphs 86–102 is necessary.

103. Defendant admits that Plaintiff seeks various relief but denies that she is entitled to any such relief and denies the remaining allegations of Paragraph 103.

104–106. Defendant refers to the contract for its terms, denies that Paragraphs 104–106 accurately or fully describes Defendant's exchange obligations, and denies the remaining allegations of those Paragraphs.

107–112. Defendant denies the allegations of Paragraphs 107–112.

113–115. In response to Paragraphs 113–115, Defendant admits that Plaintiff purports to bring this suit as a class action but denies that any class may be certified here.

116. Defendant admits that it is the counterparty to hundreds of life insurance contracts containing an exchange provision but denies the remaining allegations of Paragraph 116.

117–120. Defendant denies the allegations of Paragraphs 117–120.

121. Defendant lacks sufficient information to respond to the allegations of Paragraph 121 and so denies them.

122.   Defendant refers to Federal Rule of Civil Procedure 23(b)(3) for its answer to Paragraph 122 and denies that any class can be certified.

123–124.   Defendant denies the allegations of Paragraphs 123–124.

125–151.   Defendant refers to the Court's September 28, 2017 Memorandum Opinion and Order, which dismissed the claim for breach of contract. Accordingly, no answer to Counts I–III of the First Amended Complaint, contained in Paragraphs 125–151, is necessary. To the extent an answer is necessary, the allegations are denied.

152.   In response to Paragraph 152, Defendant refers to its answers to Paragraphs 1–151.

153.   Defendant admits that Plaintiff entered into a valid and binding contract with Defendant's predecessor but denies the remaining allegations of Paragraph 153.

154.   Defendant admits the allegations of Paragraph 154.

155.   In response to Paragraph 155, Defendant refers to its answer to Paragraph 154 and to the Court's September 28, 2017 Memorandum Opinion and Order. To the extent additional response is necessary, Defendant denies the remaining allegations of Paragraph 155.

156.   Defendant admits that it is a successor to Lincoln Security Life Insurance Company but otherwise denies the allegations of Paragraph 156.

157. Defendant admits that periodic premiums on the contract were paid sufficient to keep the contract in force through the contract's maturity date but otherwise denies the allegations of Paragraph 157.

158. Defendant denies the allegations of Paragraph 158.

159. Defendant denies the allegations of Paragraph 159.

160. Defendant denies the allegations of Paragraph 160.

161. Defendant denies the allegations of Paragraph 161.

162. Defendant refers to its answer to Paragraph 157, as the allegations of Paragraph 162 and 157 are duplicative.

163. Defendant denies the allegations of Paragraph 163.

164. In response to Paragraph 164, Defendant refers to its answers to Paragraphs 1–163.

165. In response to Paragraph 165, Defendant refers to Lincoln Security Life Insurance Company's contracts for their terms and admits that Lincoln Security Life Insurance Company entered into valid and binding life insurance contracts, including contracts containing exchange options.

166. Defendant admits that it assumed the contractual duties of Lincoln Security Life Insurance Company in 1998 but denies that any class can be appropriately certified.

167. Defendant admits that it is a successor of Lincoln National Life Insurance Company but otherwise denies the allegations of Paragraph 167.

168. Defendant refers to the terms of the Lincoln National Life Insurance Contracts for their terms and admits that it had certain duties under those contracts. Defendant denies the remaining allegations of Paragraph 168.

169–171. Defendant denies the allegations of Paragraphs 169–171.

172. Defendant admits that periodic premiums on the contract were paid sufficient to keep the contract in force through the contract's maturity date but otherwise denies the allegations of Paragraph 172.

173. Defendant denies the allegations of Paragraph 173.

174. Defendant denies the allegations of Paragraph 174.

175. In response to Paragraph 175, Defendant refers to its answers to Paragraphs 1–174.

176–185. Defendant refers to the Court's September 28, 2017 Memorandum Opinion and Order and submits that no response to Paragraphs 176–185 is necessary. The Court concluded that Plaintiff had not stated a claim against any entity except those with which she had contractual privity. Accordingly, Plaintiff fails to state a claim with respect to any so-called "Legacy Policy" except those issued by Lincoln Security Life Insurance Company and assumed by Defendant. Defendant's answers as to the allegations concerning those policies are contained Paragraphs 152–174, above. To the extent a further response is necessary, the allegations in those paragraphs are denied.

186–245. Defendant refers to the Court's September 28, 2017 Memorandum Opinion and Order, which dismissed the claims for negligence, violation of New

York General Business Laws, unjust enrichment, declaratory judgment, and intentional infliction of emotional distress. Accordingly, no answer to Counts VII–XIII of the First Amended Complaint, contained in Paragraphs 186–245, is necessary. To the extent an answer is necessary, the allegations are denied.

\* \* \*

Defendant denies that Plaintiff is entitled to any of the relief it seeks in its Prayer for Relief. Except as explicitly admitted above, Defendant denies the allegations of Plaintiff's First Amended Complaint.

### Affirmative Defenses

Without conceding that it bears any burden with respect to the following matters, Defendant states:

1. Plaintiff's alleged damages were not caused by or the consequence of any conduct by Defendant. Defendant presented Plaintiff the opportunity to purchase additional life insurance for the insured, at the rates then applicable to the insured, who then was 93 years old. Plaintiff declined because she wanted to pay premiums at a different, lower rate class. At a minimum, Plaintiff failed to mitigate her alleged damages by declining to purchase additional insurance.

2. Plaintiff's contract was reviewed and approved by the New York State Department of Financial Services. Moreover, Plaintiff lodged a complaint with the New York State Department of Financial Services concerning the same matters alleged here, and the Department determined to take no action.

  3. Rule 23 and Due Process do not permit the certification of any class in this case.

  4. Plaintiff and the putative class lack standing and their claims are subject to varying and individualized defenses of the statutes of limitation, waiver and estoppel, accord and satisfaction, and payment.

             Respectfully submitted,

Dated: October 9, 2017       */s/ Michael T. Leigh*
   Louisville, Kentucky     Clark C. Johnson (*pro hac vice*)
               Michael T. Leigh
               Jeffrey S. Moad (*pro hac vice*)
               Stites & Harbison PLLC
               400 West Market Street, Suite 1800
               Louisville, KY 40202-3352
               Tel: (502) 587-3400
               Email: cjohnson@stites.com
                  mleigh@stites.com
                  jmoad@stites.com

               Andrew D. O'Toole
               O'Toole + O'Toole PLLC
               22 Valley Road
               Katonah, NY 10536
               Tel: (914) 232.1511
               Email: aotoole@otoolegroup.com

               *Counsel for ReliaStar Life Insurance Company of New York*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 9, 2017 I served the foregoing document on all counsel of record through CM/ECF, and on the following by email:

Baruch S. Gottesman, Esq.
Horowitz & Rubenstein LLC
baruchesq@yahoo.com
*Counsel for Plaintiff*

Aryeh Kaufman, Esq.
Law Office of Aryeh Kaufman
aryeh@akaufmanlegal.com
aryehkaufmanesq@gmail.com
*Counsel for Plaintiff*

          */s/ Michael T. Leigh*
          *Counsel for ReliaStar Life Ins. Co. of New York*