November 20, 2017

**VIA ECF**

Hon. Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, New York  10007

      **RE:**   *Gloria D. Wiseman v. ING Groep N.V., et al.* **(16-cv-7587-AJN)** –
              **Joint Letter Accompanying Proposed Civil Case Management Plan**

Dear Judge Nathan:

      In accordance with the Court's Notice of Initial Pretrial Conference (ECF No. 54), the parties submit this joint letter to accompany their Proposed Civil Case Management Plan ("CMO").

      The parties agree on all aspects of the CMO, and have agreed on a case management schedule that completes all discovery and class certification briefing approximately 180 days from the scheduled initial pretrial conference. As the parties agree on all case management dates, and propose a schedule that completes discovery in this putative class action little more than six months from the scheduled initial pretrial conference (and eight months from the Court's Notice of Initial Pretrial Conference), the parties respectfully request the initial pretrial conference set for December 8, 2017 be cancelled.

      The parties respond as follows to the information requested in the Court's Notice of Initial Pretrial Conference:

1.     Following the Court's September 28, 2017 Memorandum and Order (ECF No. 53), this is a putative class action concerning flexible premium life insurance policies issued by Defendant ReliaStar Life Insurance Company of New York ("RLNY") that contain a provision allowing the policy to be exchanged for a whole life insurance or endowment policy that RLNY issues at the time an exchange is sought. (ECF No. 53 at 4–5. *See generally* First Am. Class Action Complaint, ECF No. 29 ("FAC").) Plaintiff alleges that RLNY breached the implied covenant of good faith and fair dealing by failing to maintain such a policy for which Ms. Wiseman and other putative class members could exchange their original life insurance policy upon demand, or to notify policy holders when they would no

Hon. Alison J. Nathan
November 20, 2017
Page 2

longer be able to exchange their policies and adjust their premiums if such a policy became unavailable. (ECF No. 53 at 16–17; FAC ¶¶ 160–63.))[1]

    RLNY denies these allegations and asserts the following principle defenses to Plaintiff's claim:

- Plaintiff's damages were not caused by or the consequence of any conduct by RLNY, and Plaintiff failed to mitigate her alleged damages, as RLNY presented Plaintiff the opportunity to purchase additional life insurance on her mother, which Plaintiff declined. (RLNY Ans. and Affirmative Defenses, ("Ans.") Affirmative Defense No. 1, ECF No. 55.)

- Plaintiff's contract was reviewed and approved by the New York State Department of Financial Services ("DFS"), which took no action on Plaintiff's complaint to DFS concerning the same allegations. (*Id.* at Affirmative Defense No. 2.)

- Rule 23 and Due Process do not permit certification of any class in this litigation. (*Id.* at Affirmative Defense No. 3.)

- Plaintiff and the class lack standing and their claims are subject to individualized defenses of the statute of limitation, waiver and estoppel, accord and satisfaction, and payment.[2]

2.    The Court has personal jurisdiction over RLNY because it is organized under the laws of New York and maintains its principal place of business in New York. (FAC ¶ 26; Ans. ¶ 26.) The Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332(d) because the amount in controversy exceeds the jurisdictional limits under that section, and this is a putative class action in which at least one class member is of diverse citizenship with RLNY. (FAC ¶¶ 16–19; Ans. ¶¶ 16–19.) Alternatively, to the extent any exception to jurisdiction under 28 U.S.C. § 1332(d) might apply, the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds the jurisdictional limits under that section and Ms. Wiseman and RLNY are of diverse citizenship. (Ans. ¶ 18.) Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c). (FAC ¶ 28; Ans. ¶ 28.)

---

[1] The Court dismissed the remainder of Plaintiff's claims. (ECF No. 53.)

[2] RLNY sets forth only its principle defenses as alleged in its Answer and Affirmative Defenses and reserves the right to assert any and all defenses and arguments supported by the law and the facts.

Hon. Alison J. Nathan
November 20, 2017
Page 3

3.	There are no pending motions or requests to file motions, though the parties propose in the accompanying CMO an agreed briefing schedule for Plaintiff's anticipated motion for class certification and move in this letter to cancel the initial pretrial conference.

4.	No discovery has taken place to date.

5.	No prior settlement discussions have taken place.

6.	The parties estimate trial will take five days, inclusive of jury selection.

7.	At this time, the parties have not identified any additional information they believe the Court should know to assist it in resolving this action.

Respectfully submitted,

| | |
|---|---|
| /s/ Baruch S. Gottesman | /s/ Michael T. Leigh |
| Baruch S. Gottesman | Clark C. Johnson |
| Horowitz & Rubenstein LLC | Michael T. Leigh |
| 185-12 Union Turnpike | Jeffrey S. Moad |
| Fresh Meadows, NY 11366 | Stites & Harbison PLLC |
| Baruchesq@yahoo.com | 400 W. Market St., Suite 1800 |
| | Louisville, KY 40202 |
| Aryeh Kaufman | cjohnson@stites.com |
| Law Office of Aryeh Kaufman | mleigh@stites.com |
| 5482 Wilshire Blvd. #1907 | jmoad@stites.com |
| Los Angeles, CA 90036 | |
| aryeh@kaufmanlegal.com | Andrew D. O'Toole |
| | O'Toole + O'Toole PLLC |
| *Counsel for Plaintiff* | 22 Valley Rd. |
| | Katonah, NY 10536 |
| | aotoole@otoolegroup.com |
| | |
| | *Counsel for Defendant* |

## Certificate of Service

      I certify that on November 20, 2017, I filed the above joint letter and accompanying joint proposed case management plan using the Court's CM/ECF system, which sent notice of filing to all counsel of record.

                                                /s/ Michael T. Leigh
                                                *Counsel for Defendant*