UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             |
**GLORIA D. WISEMAN**                                        |   Civil Action No. 1:16-CV-07587
                                                             |
            Plaintiff,                  |
                                                             |
       ~ *against* ~                                |
                                                             |
**ING GROEP, N.V., VOYA FINANCIAL;** and                     |
**RELIASTAR LIFE INSURANCE COMPANY**                         |
**OF NEW YORK;**                                             |
                                                             |
            Defendants                  |
                                                             |
-------------------------------------------------------------x


## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO CERTIFY CLASSES

Baruch S. Gottesman, Esq.
c/o 185-12 Union Turnpike
Fresh Meadows, NY 11366
*Attorney for Plaintiff*

Dated: Fresh Meadows, NY
       January 2, 2018

TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii – iii

I.  Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
        A.   Lincoln Security Class Defined . . . . . . . . . . . . . . . . . . . . . 1
        B.   Legacy Policy Class Defined . . . . . . . . . . . . . . . . . . . . . . . 1

II.  Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1 – 3

III.  Legal Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3 – 12

        A.   Standards for Certification of Class . . . . . . . . . . . . . 3 – 4

        B.   Federal Rule 23(a) Requirements . . . . . . . . . . . . . . . . 4 – 9
              i.   Numersoity . . . . . . . . . . . . . . . 4 – 5
              ii.  Commonality . . . . . . . . . . . . . . 5 – 6
              iii. Typicality . . . . . . . . . . . . . . . 6 – 7
              iv. Adequacy of Representation . . . . . 7 – 9

        C.   Federal Rule 23(a) Requirements . . . . . . . . . . . . . . . 9 – 12
              i.   Predominance . . . . . . . . . . . . . . 9 – 10
              ii.  Superior Method of Adjudication
                    . . . . . . . . . . 11 – 12

    IV.   Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## Table of Authorities

**Court Decisions**

*Amchem Products, Inc. v. Windsor*,
    521 U.S. 591 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11**

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
    222 F.3d 52 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

*Brown v. Kelly*,
    609 F.3d 467 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9**

*Coleman & Co. Sec., Inc. v. The Giaquinto Family Trust, et al*,
    236 F.Supp.2d 288 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

*Con. Rail Corp. v. Town of Hyde Park*,
    47 F.3d 473 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

*Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*,
    502 F.3d 91 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9**

*Cordoba v. Virgin Scent, Inc., at al.*,
    Index # 56355/2016 (N.Y. Supreme Ct. Westchester Co.) . . . . . . . . . . . **8**

*Dupler v. Costco Wholesale Corp.*,
    249 F.RD. 29 (E.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9**

*Flag Telecom Holdings, Ltd. Securities Litigation*,
    574 F.3d 29 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

*In re Doria/Memon Discount Stores Wage & Hour Litigation*,
    Index #14-cv-7990, ___ F.R.D. ___ (S.D.N.Y. Oct. 10, 2017) . . . . . . **3, 4**

*In re Sumitomo Copper Litigation*,
    262 F.3d 134 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

*Marisol A. ex rel. Forbes v. Giuliani*,
    929 F.Supp. 662 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

*Marisol A. ex rel Forbes v. Giuliani*,
    126 F.3d 372 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

*Mazzei v. The Money Store*,
    Index No. 01-civ-5694 (S.D.N.Y. Dec. 20, 2012) . . . . . . . . . . . . . . . . . . **5**

*Mazzei v. The Money Store, et al.*,
    829 F.3d 260 (2d Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

*Robidoux v. Celani*,
    987 F.2d 931 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**

*Steinberg v. Nationwide Mut. Ins. Co.*,
    224 F.R.D. 67 (E.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**

*The Alliance to End Chickens as Kaporos et al. v. N.Y.P.D., et al.*,
    2015 N.Y. Slip Op. 32216(U) (S.Ct. N.Y. County Nov. 13, 2015) . . . . . . **8**

*The Alliance to End Chickens as Kaporos, et al. v. N.Y.P.D., et al.*,
    2017 N.Y. Slip Op. 04408 (June 6, 2017) . . . . . . . . . . . . . . . . . . . . . . . . **8**

*United Poultry Concerns v. Chabad of Irvine, et al.*,
    Index #8:16-cv-01810 (C.D. California May 12, 2017) . . . . . . . . . . . . . . **8**

## **Other Authority**

New York Insurance Law § 2442(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**

Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

NEWBERG ON CLASS ACTIONS § 7:14 (5th Ed. 2013) . . . . . . . . . . . . . . . . . . . . **5**

NEWBERG ON CLASS ACTIONS 2D (1985 Ed.) § 3.05 . . . . . . . . . . . . . . . . . . . . . **4**

I.        INTRODUCTION

On January 2, 2017, the Plaintiff filed their First Amended Complaint, which alleged that the case was brought on behalf of the Plaintiff and also on behalf of two classes defined as follows:

> **A.    Lincoln Security Class**
> All owners of life insurance policies issued by Lincoln Security Life Insurance Company with an exchange provision that were in force on January 1, 1998, and which were at any time unavailable for exchange.
>
> First Amended Complaint ¶ 114
>
> **B.    Legacy Policy Class**
> All owners of life insurance policies issued by any life insurance company with an exchange provision that were at any time after September 1, 2000, owned and/or administered by ~~ING GROEP N.V., Voya Financial, Inc.,~~ ReliaStar Life Insurance Company of New York, (and its owners and assigns) which were at any time unavailable for exchange.
>
> First Amended Complaint ¶ 115 (modified per Her Honor's Memo. & Order).

The Defendants' Motions to Dismiss having been granted in part and dismissed in part (Memo. & Order, Dkt. No. 53) the parties began Discovery. Pursuant to the Discovery Plan, the Plaintiff's filed their Motion to Certify on January 2, 2018, in support of which this Memorandum of Law is hereby respectfully submitted.

II.       STATEMENT OF FACTS

The facts underlying this case were described in the First Amended Complaint and the legal claims were fully briefed by the parties. (*See* Docket ##29 – 53)  The brief summary that follows is not meant as a comprehensive statement of claim, but is intended to cut-to-the-chase with a plain explanation Plaintiff's core claim and why that claim is appropriate for resolution as a class action.

In 1992, Plaintiff purchased a life insurance policy from a predecessor of Reliastar Life Insurance Company of New York. Memo. & Order at p. 2 (Dkt. No. 53). The life insurance policy promised that:

> "EXCHANGE: You may exchange this Policy for a new Policy. Such exchange may be to any plan of whole life or endowment that we issue at the time of exchange, except:
> "(1.) Flexible premium adjustable life insurance; or
> "(2.) Adjustable cash value plans."

Memo. & Order at p. 2, *quoting* Policy at p. 18, First Amended Complaint at ¶ 53. When Plaintiff exercised the exchange option in 2015, the Defendants refused to exchange the policy and the policy lapsed. *See* Memo. & Order at p. 2; FAC ¶¶ 54 – 84.

Plaintiff alleged that the Defendants' failure to honor the exchange option (*See* FAC ¶¶ 152 – 185); failure to notify Plaintiff that a possible exchange was no longer available (FAC ¶¶ 161(b), 171(b), 182(b)); and failure to adjust premiums to reflect the nonmarketability of an unexchangeable policy and its lower value to the policy owner (FAC ¶¶ 161(c), 171(c), 182(c)) breached the parties' Implied Covenant of Good Faith and Fair Dealing, which caused financial damage to the Plaintiff.

After extensive briefing the Honorable Court found that the Plaintiff had:

> "plausibly alleged that a reasonable customer in Plaintiff's position could have presumed that *some* policy would exist which the customer could exchange the original policy or, in the alternative, that the Insurers would notify customers when it ceased carrying policies for which an exchange could be made or adjust their premiums when the exchange provision ceased to have effect due to an absence of alternative policies."

Memo. & Order, at p. 18, Dkt. No. #53 (Sept. 28, 2017); *citing* First Amended Complaint at ¶ 161, Dkt. No. #29.

The Plaintiff is an ideal class representative. She purchased the policy in 1992. She remained as the sole policy owner for the entire term, during which she diligently paid every premium due for the 25 years that the policy was in force. She also exercised the exchange provision toward the end of the policy term in 2015. As will be fully explained below, Plaintiff's experience – she was the original and sole policy owner; she paid every premium throughout the term of the policy; and she exercised the exchange provision – makes Ms. Wiseman an ideal candidate to serve as a class representative.

Ms. Wiseman personally entered into the contract and was personally damaged by the Defendants actions. Ms. Wiseman did not sell the policy, lapse the policy, assign the policy, fail to exercise the exchange provision, or otherwise introduce any complications into the ownership and the privity of contract between the Defendants and the policy owner. Ms. Wiseman, as Plaintiff and – should the Court so allow – as the class representative is ready, willing and able to testify to her personal experience throughout the entire 25 years that the policy was in-force, the torts allegedly committed by the Defendants, and can serve as an ideal test case for valuing the damages suffered by the class members on Lincoln Security policies and all legacy policies with an exchange provision.

For the reasons described below, the Plaintiff respectfully submits that the classes who Ms. Wiseman can capably represent, below should certified.

### III.      LEGAL ARGUMENT

#### A.      Standards for Certification of Class

"The Second Circuit has emphasized that Rule 23 should be given liberal rather than restrictive construction, and it seems beyond peradventure that the Second Circuit's general preference is for granting rather than denying certification." In re Doria/Memon Discount Stores

3

Wage & Hour Litigation, Index #14-cv-7990, ___ F.R.D. ___ (S.D.N.Y. Oct. 10, 2017) (Sweet, D.J. Robert)(citations omitted). The Second Circuit recently re-affirmed its "longstanding view that the district court is often in the best position to assess the propriety of the class" Mazzei v. The Money Store, et al., 829 F.3d 260, 270 (2d Cir. 2016)(*favorably citing* In re Sumitomo Copper Litigation, 262 F.3d 134, 139 (2d Cir. 2001))

As described below, the Plaintiff can substantiate by a preponderance of evidence that the elements of a class action under Rule 23 are met.

### B. Federal Rule 23(a) Requirements

#### *i. Numerosity*

The Federal Rules of Civil Procedure provide that classes may sue "only if [] the class is so numerous that joinder of all members is impracticable". Fed.R.Civ.P. Rule 23(a)(1).

In the Second Circuit, "numerosity is presumed at a level of 40 members" Con. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995) citing NEWBERG ON CLASS ACTIONS 2D (1985 Ed.) § 3.05. Plaintiff has submitted in the accompanying Declaration of Baruch S. Gottesman, Esq., and the Court may take judicial notice (*See, e.g.*, Coleman & Co. Sec., Inc. v. The Giaquinto Family Trust, et al, 236 F.Supp.2d 288, 308 (S.D.N.Y. 2002)(taking judicial notice of EDGAR filings)) that on May 1, 2000, upon ING Groep N.V.'s purchase of Reliastar Financial Corporation, ING Groep N.V. filed with the SEC a statement that the purchase of Reliastar's life insurance portfolio would increase premium income from "USD 8.2 billion to USD 12.4 billion pro forma 1999" and that the size of the premium portfolio – represented to be as 4.2 billion – includes policies owned by the class which are more than 40 individuals.

To the extent that the Defendants would claim that the class is less than 40 individuals, then the Plaintiff will respectfully move for Discovery into the threshold question of how many individuals are in the class.  *See* NEWBERG ON CLASS ACTIONS § 7:14 (5th Ed. 2013)("If facts are contested with regard to any [class certification related] issues, the plaintiff is entitled to develop those facts through the formal discovery process").

### ii.    *Commonality*

Under the Federal Rules, the second prong required for a class to sue is that "there [be] questions of law or fact common to the class."  Fed.R.Civ.P. Rule 23(a)(2).

Courts in this District have held that when "plaintiffs' claim arise from allegations of common practice and rights derived from form contracts, the case appears to present the classic case for treatment as a class action." Mazzei v. The Money Store, Index No. 01-civ-5694 (S.D.N.Y. Dec. 20, 2012)(Koeltl, D.J. John G.) *citing* Steinberg v. Nationwide Mut. Ins. Co., 224 F.R.D. 67, 77 (E.D.N.Y. 2004).  The Steinberg Court found "commonality" when the Plaintiff demonstrated that: "(1) all putative class members have signed substantively identical or similar form agreements; and (2) [Defendant's alleged breach] affected all putative class members". Steinberg, *Id.* at ___.

It is undisputed that the contract at issue was a standard contract, which in form and substance was the same for all class members.  *See, eg.,* Answer at Aff. Defense ¶ 2 Dkt. No. 55.  Companies, brokers and agents are strictly prohibited from making any modification to the terms or benefits under a life insurance contract.  New York law provides:

> "(c) No such life insurance company [] and no officer, agent, solicitor or representative thereof [] shall pay, allow or give, or offer to pay, allow or give, directly or indirectly, as an inducement to any person to insure, or shall give, sell or purchase, or offer to

>give, sell or purchase, as such inducement, or interdependent with any policy of life insurance [] or any valuable consideration or inducement whatever not specified in such policy or contract . . ."

New York Insurance Law § 2442(c).

The kernel of this case is the narrow factual and legal question of whether policy owners who entered into a form contract, which provided for an exchange, have a claim against the insurance companies for failing to provide an exchange upon demand, for overcharging premiums, and for failing to notify them of the non-exchangeability of their policies. This kernel of fact and law is common to all class members.

Defendant's Answer makes general reference to lack of class standing because Plaintiff's claims have "individualized defenses of the statutes of limitation, waiver and estoppel, accord and satisfaction, and payment". Plaintiff respectfully disagrees and expects that they will have the opportunity to address any such defenses if and when they are fleshed out by the Defendant.

### iii.     *Typicality*

Under the Federal Rules, the third prong required for a class to sue is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class" Fed.R.Civ.P. Rule 23(a)(3).

"When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patters underlying individual claims." Robidoux v. Celani, 987 F.2d 931, 936 – 937 (2d Cir. 1993). This is especially true with respect to the interpretation of a form contract where the alleged economic damages are a consequence of a general policy rather than an individualized decision about Ms. Wiseman personally.

6

The Second Circuit has upheld class action certification even where the alleged conduct was unique to each class member, but part of a general policy of "not meet[ing] federal and state law obligations," Marisol A. ex rel. Forbes v. Giuliani, 929 F.Supp. 662, 690–91 (S.D.N.Y. 1996) even though such certification "stretche[d] the notions of commonality and typicality". Marisol A. ex rel Forbes v. Giuliani, 126 F.3d 372, 377 (2d Cir. 1997).

And as with the commonality prong, the Defendant's Answer makes general reference to lack of class standing because Plaintiff's claims have "individualized defenses of the statutes of limitation, waiver and estoppel, accord and satisfaction, and payment". Plaintiff respectfully disagrees and expects that they will have the opportunity to address any such defenses if and when they are fleshed out by the Defendant.

### iv. Adequacy of Representation

Under the Federal Rules, the last prong required for a class to sue is that "the representative parties will fairly and adequately protect the interests of the class" Fed.R.Civ.P. Rule 23(a)(4).

The Plaintiff, Ms. Wiseman, is committed to this case. She and her counsel have demonstrated that they are ready, willing and able to zealously prosecute this case, to vigorously defend the interests of all class members and to fully commit the necessary time and resources to resolve this matter fairly and in the best interests of the class as a whole.

The Second Circuit has assessed adequacy by considering whether the "[class representative]'s interests are antagonistic to the interests of the other members of the class and [] attorneys are qualified, experienced and able to conduct the litigation". Flag Telecom Holdings, Ltd. Securities Litigation, 574 F.3d 29, 35 (2d Cir. 2009)(*quoting* Baffa v. Donaldson,

Lufkin & Jenrette Sec. Corp., 222 F.3d 52 (2d Cir. 2000)).

Ms. Wiseman has been a Plaintiff in this case since late 2016. She has demonstrated her willingness to vigorously support this litigation as her counsel guided her through motion practice and the beginning of Discovery. Plaintiff (and the Insured) are committed to ensuring that no other life insurance policy owner suffers what they went through. Plaintiff, the Insured, and their Counsel have no conflict of interest that would prevent them from vigorously pursuing this case or would make them antagonistic to the interests of the other class members.

Messrs. Gottesman and Kaufman have worked together for a number of years on class action and similar mass tort matters. For example, Gottesman and Kaufman worked together to successfully represent the Defendants in Cordoba v. Virgin Scent, Inc., at al, Index # 56355/2016 (N.Y. Supreme Ct. Westchester Co.), a New York State consumer class action which after initial Motion practice settled early on very favorable terms for the Defendants. Gottesman and Kaufman also successfully negotiated a successful settlement on a parallel consumer class action which was threatened to be filed against Virgin Scent and related parties in California.

Gottesman and Kaufman have also allied to successfully defend parties in two parallel mass tort nuisance cases regarding Kaporos (*See* The Alliance to End Chicken as Kaporos et al. v. N.Y.P.D., et al., 2015 N.Y. Slip Op. 32216(U) (S.Ct. N.Y. County Nov. 13, 2015) *affirmed* The Alliance, 2017 N.Y. Slip Op. 04408 (June 6, 2017) *Currently on Appeal* before the New York Court of Appeals; and United Poultry Concerns v. Chabad of Irvine, et al., Index #8:16-cv-01810 (C.D. California May 12, 2017).

As a core part of his legal practice, Gottesman has for more than a decade served as Counsel to a life insurance trust that owned dozens of life insurance policies and has defended, when appropriate, and served as Plaintiff's counsel, when necessary in litigation about the validity of such policies, alleged lapses and all sorts of related compliance issues.  His experience has made him very familiar with New York rules and regulations that apply to the administration of life insurance policies.  Recognizing their limitations, Gottesman and Kaufman have experienced mentors who - should the need arise - they will call on should a larger litigation team become necessary.

### C. Federal Rule 23(b) Requirements

#### i. Predominance

Under the Federal Rules, class actions are appropriate where "questions of law or fact common to class members predominate over any questions affecting only individual members" Rule 23(b)(3)

"[The Second Circuit has] said that the predominance requirement is met if the plaintiff can establish that the issues in the class action are subject to generalized proof, and thus applicable to the class a whole, . . . predominate over those issues that are subject only to individualized proof". Brown v. Kelly, 609 F.3d 467, 483 (2d Cir. 2010) *citing* Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc., 502 F.3d 91 (2d Cir. 2007).  Courts in this District has written that "[a]n overwhelming number of courts have held that claims arising out of form contracts are particularly appropriate for class action." Dupler v. Costco Wholesale Corp., 249 F.RD. 29, 37 (E.D.N.Y. 2008).  And have applied this rule consistently, for example

Steinberg, *Id.* at 76 which found that fact/law issued predominated when "the plaintiff's claim is for the simple breach of a standard form contract and involve[d] only the standard rules of contract interpretation".

That is certainly the case here. The core issues in this case arise from the Defendants' general policy with respect to their treatment of legacy policies – the substantive fact and law claims predominate. The decision by the Defendants to not provide a policy for exchange, to not notify policy owners that their policies had become unexchangeable, and to not modify the premium pricing to reflect the difference in the product provided was an across-the-board policy is especially appropriate for resolution on a class-wide basis.

Plaintiff's case is uniquely appropriate to represent this class because she has not sold the policy, lapsed the policy, assigned the policy, failed to exercise the exchange provision, or otherwise had an idiosyncratic relationship with the Defendants. This is an ideal test case in which the primary issues are the Defendants' actions on an across-the-board basis, not something unique that Plaintiff did or failed to do.

Defendant's Answer makes general reference to lack of class standing because Plaintiff's claims have "individualized defenses of the statutes of limitation, waiver and estoppel, accord and satisfaction, and payment". Plaintiff respectfully disagrees and expects that they will have the opportunity to address any such defenses if and when they are fleshed out by the Defendant.

### ii.     *Superior Method of Adjudication*

Under the Federal Rules, class actions are appropriate where "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" Rule 23(b)(3), with consideration of various factors discussed below.

Certification as a class will be an efficient resolution of this controversy. Rule 23(b)(3)(A) provides that the Court should consider if "the class members interests in individually controlling the prosecution or defense of separate actions." The class members would be best served by proceeding individually, rather than filing potentially hundreds of separate lawsuits.

Were this to proceed as individual lawsuits, such an approach would require the policy holder to actually know that they were damaged by the Defendants' actions. It would require the policy owners to obtain separate counsel, to pay filing fees, and to deal with the procedural matters related to drafting and filing separate Complaints. Each individual lawsuit would require a separate - and possibly conflicting resolution - of threshhold questions about whether the individual Plaintiff plausibly alleged an appropriate cause of action (a question that has already been resolved in this case by Her Honor's decision on the Motion to Dismiss). Each lawsuit would need separate experts, Discovery, summary judgment motions, and trial.

The issues in this case have a "high degree of cohesion." <u>Amchem Products, Inc. v. Windsor</u>, 521 U.S. 591, 617 (1997). As described earlier, the form contract at issue in this case makes it ideal for resolution as a class action. Any class member who were to decide to control their case themselves (with the attendant cost and effort) will be allowed to do so pursuant to the opt-out provisions of class action procedure.

Rule 23(b)(3)(B) calls on the Court to consider if "any litigation concerning the controversy already begun by or against class members". Plaintiff understands that no other such litigation has begun.

Rule 23(b)(3)(C) considers the "desirability or undesirability of concentrating the litigation in the particular forum". As described in the FAC and accompanying paperwork, most Policy owners are in the New York City area and this Court is an especially appropriate forum for resolution.

Rule 23(b)(3)(D) last calls on the Court to assess "the likely difficulties in managing a class action". Plaintiff respectfully represents that no significant difficulties exist here.

## IV. CONCLUSION

For the reasons described in this Memorandum of Law, the Plaintiff respectfully requests that the Court certify the classes defined above.

AT:     Fresh Meadows, NY
DATE:   January 2, 2018

RESPECTFULLY SUBMITTED,

Baruch S. Gottesman, Esq.
185-12 Union Turnpike
Fresh Meadows, NY 11366
*Attorney for Plaintiff*